91 So.2d 917 (1957)
Roland STANSBURY
v.
MAGNOLIA PETROLEUM COMPANY.
No. 4324.
Court of Appeal of Louisiana, First Circuit.
January 2, 1957.
Blanchard & Blanchard, Donaldsonville, for appellant.
Liskow & Lewis, Lake Charles, Davidson, Meaux, Onebane & Nehrbass, Lafayette, *918 Brumby, Aycock, Horne & Caldwell, Franklin, Kantrow, Spaht, West & Kleinpeter, Baton Rouge, for appellee.
LOTTINGER, Judge.
Petitioner, Roland Stansbury, filed suit in tort against Magnolia Petroleum Company and its insurer Associated Indemnity Corporation of San Francisco, California. The defendants filed exceptions of no cause or right of action, which exceptions were maintained by the Lower Court and the suit dismissed. The petitioner has taken this appeal.
The petition alleges as follows: That on or about March 27, 1954, the Magnolia Petroleum Company was engaged in the exploration, production and disposal of oil, gas and other minerals. That the Magnolia Petroleum Company let out under contract to O. C. Thrasher, doing business as Thrasher's Welding Service, a contract for the welding of certain equipment, consisting of a large oil derrick. That petitioner, on said date, was engaged by Thrasher to do certain welding on said oil derrick. That during the course of the said welding job, petitioner sustained a fall from a ladder resulting in serious injuries and damages to the petitioner and is the subject of this law suit. Petitioner, of course, alleges that the accident was due to the negligence of the defendant, Magnolia Petroleum Company.
The defendants both filed exceptions of no cause or right of action based upon the contention that the only action of petitioner against Magnolia Petroleum Company is under the Workmen's Compensation Law of the State of Louisiana. The record shows that an intervention was filed by Hartford Accident and Indemnity Company on account of compensation being paid by it to petitioner, and defendant, Magnolia Petroleum Company, filed a third party action against O. C. Thrasher. The intervention and the third party action have no relevancy in this appeal, as the Lower Court sustained the exception of no cause or right of action filed by defendants and dismissed the petitioner's suit.
The exception of no cause or right of action is based on the fact that petitioner was an employee of Thrasher, who was a contractor employed by Magnolia Petroleum Company to do work which was part of the trade, business or occupation of Magnolia. They cite the provisions of Section 6 of the Workmen's Compensation Act, LSA-R.S. 23:1061, which provides as follows:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation * * *, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer * * *."
Defendants further cite Section 34 of the Compensation Act, LSA-R.S. 23:1032, which provides as follows:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."
*919 The petitioner on the other hand complains that a decision on exception of no cause or right of action must be based on the allegations of his petition, and contends that no where in his petition is there any allegation that the welding job was a part of defendant's trade, business or occupation.
We feel that welding is an essential and integral part of the business of a company engaged in the "exploration, production and disposal of oil, gas and other minerals." We know, as a fact, that all the major oil companies of this area engage welders and other workmen of a similar nature as their regular employees. We also know, as a fact, that any company owning oil derricks requires the services of welders for the maintenance and repair of their derricks. And for such maintenance and repair, they have welders in their regular employment.
The case of Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852, is strikingly similar to the present case. In that case, the employee was working for a contractor, J. C. Chance Well Service, Inc., which was contracted to drill a well for the Sun Oil Company. The employee was killed during the course of the work and his widow sued Sun Oil Company for damages. The defendant filed exception of no cause or right of action based upon the said articles of the Workmen's Compensation Act which are quoted above. The Lower Court sustained the exceptions.
Mrs. Thibodaux then appealed to this Court and in our decision we reported in, La.App., 40 So.2d 761, 765, as follows:
"Regardless of the fact that well pleaded facts for the purpose of considering exceptions of no right and of no cause of action are to be considered as true yet the conclusions of the pleader are not to be so considered and do not take the place of facts. It is our opinion that the allegations that Chance and Homco were engaged in highly specialized work not usually done by Sun Oil Company are mere conclusions of the pleader and are merely self serving declarations.
"It is apparent from the Thibodaux petition that the decedent was employed by Chance, which company was engaged in the drilling of oil wells and work incidental thereto, for example the reworking or working over of oil wells. In fact, on the day of the accident Chance was engaged in the reworking of an oil well belonging to the Sun Oil Company. This work involved drilling and other work incidental thereto. From the admitted facts supra, Sun Oil Company was engaged in the business of exploring for oil and the mining of oil. It is clear that a part of the business, trade and occupation of the Sun Oil Company was the drilling of wells, and the reworking of wells if necessary in search for oil and/or its production. Therefore, it follows that Chance was engaged in work the very nature of which was a part of the business, trade and occupation of the Sun Oil Company. We cannot view it in any other light but that Chance was the contractor of Sun Oil Company in carrying out a part of the business, trade or occupation of the Oil Company and that the provision of Section 6, paragraph 1 of the Compensation Act is applicable and that the remedy of Thibodaux is that provided exclusively by Section 34 of the Compensation Act, supra. If Chance had been an irresponsible contractor, without compensation insurance, we venture to say that plaintiff would be contending that Sun Oil Company was liable in compensation rather than in tort."
Our decision in the Thibodaux case further stated as follows:
"We find the following statement found in the case of Spanja v.

*920 Thibodaux Boiler Works, La.App., 2 So.2d 668, 672(2), to be very appropriate and applicabe to these three cases: "The compensation statute, with its amendments, was designed to cover all employees who might reasonably be brought under its paternalistic protection. In the Dick case, (Dick v. Gravel Logging Co.), 152 La. 993, 95 So. 99, supra, the court said that the statute is humane in its purpose and that its scope should be enlarged and its provisions liberally construed so as to include all services that can reasonably be said to be within the said statute. If it is to be liberally construed so as to include all possible persons when they seek its protection, surely it would not do to say that the provisions of the statute should be restricted when persons, in order to recover in tort, are attempting to have themselves excluded from the coverage of the statute.'"
The Thibodaux case went to the Supreme Court under writs of certiorari. The Supreme Court in affirming our decision at 49 So.2d 854, stated as follows:
"Here, the Sun Oil Company in engaged in the business of exploring for and producing oil. The drilling of wells, the reworking, if necessary, and the `fishing out' of well tools and implements which become stuck in the course of drilling the well are all interrelated and component parts, though different phases, of oil production. In other words, both Thibodaux and Baker were performing services in connection with work which was part of the business, trade and occupation of Sun Oil Company, or so closely related thereto as to become an integral part thereof. Therefore, the allegations of fact in the instant case clearly bring the matter within the rule of law provided in Section 6, Par. 1 of the Workmen's Compensation statute as now written."
We feel that the question presented in the present case is strikingly similar to the questions presented in the Thibodaux case. We find no error in the decision of the Lower Court, and for the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by the petitioner.
Judgment affirmed.