156 So.2d 476 (1963)
Frank SHIRD, Plaintiff-Appellant,
v.
Earle MARICLE et al., Defendants-Appellees.
No. 916.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1963.
*477 John P. Navarre, Oakdale, for plaintiff-appellant. Downs & Gremillion, by Field V. Gremillion,
Alexandria, for defendant-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
The plaintiff Shird was employed by Maricle, a subcontractor of L. C. Franks. The plaintiff was injured while performing duties connected with the repair of Maricle's truck. Shird brought suit for workmen's compensation benefits against Maricle, his own immediate employer, and also against the insurer of Franks.
The trial court sustained a motion for summary judgment filed by Franks' insurer. The suit was dismissed as against this party on the ground, essentially, that the principal Franks was not liable in compensation for injuries received by the subcontractor Maricle's employees in connection with Maricle's truck-repair activities, because such truck-repair work was too remotely connected with Franks' business to be considered a part of it.
The plaintiff appeals, contending that the trial court erred in this holding and also in sustaining a motion for summary judgment on the basis of the present skimpy and incomplete record.
The present appeal concerns, then, the liability of Franks, the principal, to the plaintiff as an employee of this principal's subcontractor under LSA-R.S. 23:1061. This statutory section provides that when a principal contracts out to a contractor any of the work which is part of the principal's trade, business, or occupation, then such principal shall be liable in workmen's compensation to any of the contractor's employees injured in the execution of such work.
As shown by the record, the plaintiff's employer, Maricle, was a subcontractor for Franks in the business of cutting and hauling stumps. Maricle's work-crew removed the stumps from a work-site some 150 miles from Oakdale, Louisiana, and then hauled them by truck to a manufacturing plant in that city.
Shird was employed by Maricle to cut and haul stumps in the performance of this contract with Franks. Shird drove Maricle's truck during each workday and garaged it at his own home in Oakdale.
Each workday Shird drove from his home to pick up Maricle at the latter's premises some fifteen miles distant. He then proceeded to the work area, where the stumps were cut and loaded. Shird then drove the truck back to Oakdale to deliver the stumps to the manufacturing plant, finally returning the truck to his own home, where it was maintained when not in use.
Shird was injured while returning Maricle's truck to his own home after he had worked all day at Maricle's premises on the repair of the truck. On that day, no stumps were cut or hauled by Maricle or the plaintiff for Franks, the principal. Shird's regular duties, however, included the repair and maintenance of Maricle's truck used in the performance of Maricle's stump cutting and hauling contract with Franks.
In our opinion, so far as the abbreviated record indicates, the plaintiff *478 Shird's injuries were received in the course and scope of his employment with Maricle, since Shird was returning home from doing repair work for his employer Maricle at the latter's request and since the duties of Shird's employment with Maricle included driving Maricle's truck to and from the work-site to the plaintiff's own home, where the truck was maintained. Injuries received in the course of so transporting the employer's truck are covered by the workmen's compensation act, since the work of driving the employer's truck back and forth from the employee's home in connection with work for the employer is considered to be an incident of the employment contract, and also because the obligations of the employment reach out beyond the work-premises and compel the employee to submit to the hazard of travel by this particular vehicle, which otherwise the employee has the option of avoiding. See Willis v. Cloud, La.App. 3 Cir., 151 So.2d 379, certiorari denied, 244 La. 623, 153 So.2d 415, for discussion and citation of appropriate authorities.
Relying upon McKay v. Crowell & Spencer Lumber Co., La.App. 1 Cir., 189 So. 508 (1939), the trial court intimated that the plaintiff Shird was on a personal mission (the repair of the truck) and not in the course and scope of his employment at the time of the accident. In the McKay case, an employee who customarily used his own truck in his employer's business, was injured when his unloaded truck was being towed in for repairs two days after it had broken down. The court there denied compensation upon a holding that the employee at the time of the accident was engaged in a personal mission, namely, the repair of his own truck, and thus was hurt while engaged in activities disconnected with his employment. The holding in that decision is not applicable to the present facts, because, inter alia, herein the present employee was engaged in transporting his employer's truck in connection with its repair, as requested by his employer and as required by his job.
Nevertheless, able counsel argues on behalf of Franks thateven if the injury arose while Shird was performing duties of his work with Maricle, his own immediate employer such economic activity on behalf of Maricle was not part of the business of the principal Franks which the latter had contracted out to be performed by Maricle. Counsel points out that Franks was engaged in the business of purchasing and selling stumps and that the part of this business contracted out of Maricle was the cutting and hauling of stumps, which counsel insists does not include the activity of repairing Maricle's trucks. Counsel further points out that the statutory liability of the principal to the subcontractor's employees is restricted to injuries received in work which is a part of the principal's trade, business, or occupation. Sam v. Deville Gin, Inc., La.App. 3 Cir., 143 So.2d 838; Malone, Louisiana Workmen's Compensation (1951), Section 125, p. 151.
The purpose of the statutory liability of the principal to the employees of his subcontractor under LSA-R.S. 23:1061 is to prevent principals engaged in a hazardous business from contracting out their work to possibly impecunious subcontractors in order to evade the principal's liability for workmen's compensation benefits to employees utilized in the principal's trade, business, or occupation. See Malone, cited above, Chapter 6, p. 140.
In determining whether the work in which the employee of the subcontractor is injured is part of the principal's business, therefore, one relevant factor is whether such work is customarily considered a part of the regular business of employers performing through their own employees the work of the occupation in which the principal is engaged. Malone, cited above, Section 125, p. 151; Best v. J. & B. Drilling Co., La.App., 3 Cir., 152 So.2d 119; Sam v. Deville Gin, Inc., cited above. Applying this test, for instance, the repair of equipment is often considered a part of the principal's *479 business, even though the injury is received by the employee of a subcontractor hired especially to perform the repairs. See e. g.: Best v. J. & B. Drilling Co., cited above; Stansbury v. Magnolia Petroleum Co., La.App. 1 Cir., 91 So.2d 917. See also Malone and Plant, Cases on Workmen's Compensation (1963), pp. 102-106, "Repair, Construction and Maintenance as Part of the Employer's Business".
Here, however, the record is totally deficient as to any evidence as to whether those engaged in the stump cutting and hauling business customarily have their own employees repair their trucks as a part of their trade, business, or occupation, instead of having these repairs accomplished by specialized repair agencies. The present record thus does not show that the repair of a contractor's truck used in the performance of a contract to cut and haul logs is not a part of the principal's business within the meaning of the compensation act.
As movant for the summary judgment, Franks' compensation insurer, the appellee, had the burden of showing clearly that such fact is undisputed, exculpating movant from liability; and all doubts in this regard are resolved against movant. Kay v. Carter, 243 La. 1095, 150 So.2d 27; Vallier v. Aetna Finance Co., La.App. 3 Cir., 152 So.2d 112, and cases therein cited. This burden the appellant movant has failed to sustain; accordingly, the motion for summary judgment was incorrectly sustained by the trial court and must be overruled by this court.
The present is to be distinguished from the situation in Deplechain v. Houston Fire & Cas. Ins. Co., La.App. 3 Cir., 155 So.2d 459, where the movant produced an undisputed showing which negatived any genuine issue of fact as to the plaintiff's pleaded cause of action. Here, the showing by the movant is not sufficient to establish that there is no genuine issue of fact in this regard.
For the reasons assigned, the trial court summary judgment dismissing the suit against the defendant insurer is reversed, and said defendant's motion for summary judgment is overruled. All costs of this appeal are assessed against this defendant appellee, the Coal Operators Casualty Company; all other costs are to await final determination of these proceedings.
Reversed and remanded.