186 So.2d 356 (1966)
Frank R. GOODWIN
v.
UNITED STATES RUBBER COMPANY and the Travelers Insurance Company.
No. 6643.
Court of Appeal of Louisiana, First Circuit.
May 9, 1966.
J. David McNeill, III, of Simmons & McNeill, Russell, Millican & Waters, Baton Rouge, for appellant.
John Dale Powers of Sanders, Miller, Downing, Rubin & Kean, for appellee.
Gerald L. Walter, Jr., of Kantrow, Spaht, Weaver & Walter, Baton Rouge, for third-party defendant-appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
REID, Judge.
The plaintiff, Frank R. Goodwin, filed this suit against the United States Rubber Company and its general liability insurer, The Travelers Insurance Company, for injuries which he sustained on September 24, 1963, while working on the premises of the United States Rubber Company at Geismar, Louisiana. Plaintiff was employed by H. E. Weise, Inc., as a millwright and was working within the course and scope of his employment when injured.
H. E. Weise, Inc. had contracted to do special maintenance work for the United States Rubber Company.
The accident was alleged to have happened when plaintiff began work on a tank containing caustic acid. He claims that he was assured that the tank was safe to work on by a supervisor and safety instructor of United States Rubber Company. The tank *357 subsequently exploded while plaintiff was working on it causing injuries, which is the basis for this suit.
Plaintiff has received and is still receiving workman's compensation from the H. E. Weise, Inc. Defendants, United States Rubber Company and The Travelers Insurance Company both filed separate answers, both urging that the plaintiff's exclusive remedy was a workman's compensation claim against H. E. Weise, Inc., which was being paid. The U. S. Rubber Company filed a third party action against H. E. Weise, Inc. for indemnity under the contract.
Defendant, U. S. Rubber Company filed a motion for a summary judgment which was supported by affidavits setting forth that the exclusive remedy of the plaintiff under LSA-R.S. 23:1021 et seq., which is the workmens compensation law of Louisiana and that the defendant had no liability in tort.
Defendant Travelers Insurance Company filed a motion for a summary judgment on the grounds that there was no dispute as to the facts and as a matter of law plaintiff could not obtain a judgment against it.
H. E. Weise, Inc. filed a motion for a summary judgment against third party plaintiff's petition urging that plaintiff's only remedy was workmens compensation and that third party plaintiff could not be indemnified for damages caused by its (third party plaintiff) own agent.
The Lower Court sustained the motion for summary judgment in favor of the defendants U. S. Rubber Company and Travelers Insurance Company and dismissed the suit insofar as they are concerned. It also sustained the motion for summary judgment filed by H. E. Weise, Inc. to the third party petition of U. S. Rubber Company and dismissed the third party complaint insofar as H. E. Weise, Inc. was concerned.
From this judgment the plaintiff has brought this appeal. United States Rubber Company in order to preserve its rights in the event of any reversal or modification of the summary judgment that would have the effect of casting it in judgment or otherwise affecting it appealed only that portion of the judgment dismissing the third party demand of the United States Rubber Company against H. E. Weise, Inc.
There is no question but what an employee's exclusive remedy for an injury received while acting within the scope of his employment against his employer is the right to workmens compensation. LSA-R.S. 23:1032 reads as follows:
"The rights and remedies herein granted to an employee or his dependent on account of the personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."
It is an admitted fact that plaintiff was receiving workmans compensation under the provision of the above cited statute. The main point at issue is the question of whether plaintiff while working on the premises of the United States Rubber Company as an employee of a third party and who alleged that he was injured through the negligence of an employee of the United States Rubber Company can recover in tort, contending that his employer, H. E. Weise, Inc. was performing special maintenance work which was not a part of the regular trade, business or occupation of the United States Rubber Company. Counsel for the plaintiff argues vigorously that he wishes some line of demarkation made in order to be a guide in determining whether the services of special maintenance contractors were part of the regular trade, business or occupation of the principal.
The liability of principal to employees of independent contractor is provided in LSA-R.S. 23:1061 in the following words, to-wit:

*358 "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation on which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
We are satisfied that United States Rubber Company could have employed men to perform the same work that they contracted to have done by Weise. It stands to reason that the equipment, machinery and tools have to be maintained and repaired as part of the regular business that United States Rubber Company is engaged in. Our Courts have repeatedly held this and have held in each suit the plaintiff's exclusive remedy was workmans compensation.
This Court held in the case of Stansbury v. Magnolia Petroleum Company, La.App., 91 So.2d 917 where the particular activity was welding as follows, to-wit:
"We feel that welding is an essential and integral part of the business of a company engaged in the `exploration, production and disposal of oil, gas and other minerals.' We know, as a fact, that all the major oil companies of this area engage welders and other workmen of a similar nature as their regular employees. We also know, as a fact, that any company owning oil derricks requires the services of welders for the maintenance and repair of their derricks. And for such maintenance and repair, they have welders in their regular employment."
This is in line with Thibodaux v. Sun Oil Company, La.App., 40 So.2d 761; 218 La. 453, 49 So.2d 852 in which the Supreme Court upheld the previous decision of this Court in the same suit, and the case of Best v. J & B Drilling Company, La.App., 152 So.2d 119. See also Travelers Insurance Company v. Brown, 338 F.2d 229 (5th Circuit 1964).
For these reasons we feel that the judgment of the Lower Court is correct and is therefore affirmed.
Affirmed.