William MASSEY, Appellant,

v.

ROWAN DRILLING CO., Appellee.

No. 22936.

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1966.

Ralph E. Orpys, New Orleans, La., for appellant.

J. Walter Ward, Jr., New Orleans, La., for Rowan Drilling Co.; Christovich & Kearney, New Orleans, La., of counsel.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a summary judgment for the defendant in a personal injury action by William Massey against Rowan Drilling Co. Massey was employed as a welder by Gulf Oil Field Service Company (Gulf), an independent contractor, which had contracted with Rowan Drilling Co. (Rowan) to perform certain manufacturing and oil field equipment repairs for Rowan. Massey was sent by Gulf to perform repair work on a high drum chain guard on the draw work located on Rowan's Rig No. 32 located in Lafourche Parish, Louisiana. In the course of performing the repairs, Massey slipped on a greasy floor and sustained injuries. Massey instituted this tort action against Rowan alleging that his injuries had resulted from the negligence of Rowan and its employees.

Massey had previously collected Louisiana workmen's compensation benefits from Gulf, his employer. Rowan filed a motion for summary judgment on the ground that under Louisiana law Massey's sole remedy was under the Louisiana Workmen's Compensation Act, and the district court sustained this motion.

The decision turns on two Louisiana statutes,[1] as construed by the Louisiana courts. These statutes have been interpreted to provide that when an employee of an independent contractor is injured by the negligence of the principal for whom the independent contractor is performing the service, the employee has no right to recover in tort if the work being performed was a part of the usual trade, business or occupation of the principal. His exclusive remedy, against either his own employer or the principal, is under the Louisiana compensation act.[2]

Massey relies on several decisions to the effect that a principal may be liable in tort for negligent injury to the employee of an independent contractor

1. La.Rev.Stat.Ann. 23:1032 (1964): *"Exclusiveness of rights and remedies; employer's liability to prosecution under other laws.*

"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.

"Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."
La.Rev.Stat.Ann. 23:1061 (1964): *"Principal Contractors; liability*

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any com-

pensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."

2. Kent v. Shell Oil Co., 286 F.2d 746 (5th Cir. 1961); Hall v. Continental Drilling Co., 245 F.2d 717 (5th Cir. 1957); Shird v. Maricle, 156 So.2d 476 (La.Ct.App. 1963); Thaxton v. Louisiana Ry. & Nav. Co., 153 La. 292, 95 So. 773 (1923); Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549 (1918).

if the work being performed is "special" work not generally done by others engaged in the same line of business as the principal, such as special construction or "unusual repairs as are ordinarily made by specialists not customarily within the direct employ of the principal." [3] In Ball v. Kaiser Aluminum & Chem. Corp., supra, however, the work being done for the principal involved new plant construction, a factor which was stressed by the court in its decision. Moreover, as noted by this Court in Hall v. Continental Drilling Co., 245 F.2d 717 (5th Cir. 1957), the language in *Horrell*, supra, and *Dandridge*, supra, with regard to unusual repairs has been substantially eroded by later decisions.[4]

Many Louisiana cases have considered repair and maintenance work similar to the type involved in this appeal. In Stansbury v. Magnolia Petroleum Co., 91 So.2d 917 (La.Ct.App.1957), the employee of an independent contractor sustained injuries while performing welding repairs on an oil derrick owned by the defendant petroleum company. In ruling that his sole remedy was under the compensation statute, the court concluded:

> "We feel that welding is an essential and integral part of the business of a company engaged in the 'exploration, production and disposal of oil, gas and other minerals.' We know, as a fact, that all the major oil companies of this area engage welders and other workmen of a similar nature as their regular employees."

91 So.2d at 919. In Goodwin v. United States Rubber Co., 186 So.2d 356 (La.Ct.

App.1966), the employee of an independent contractor was injured while performing "special maintenance work" on a tank owned by the defendant rubber company which contained caustic acid. In sustaining a summary judgment for the rubber company that the plaintiff had no cause of action in tort against it, the court at page 358 stated:

> "It stands to reason that the equipment machinery and tools have to be maintained and repaired as part of the regular business that United States Rubber Company is engaged in."

In Dandridge v. Fidelity & Cas. Co., 192 So. 887 (La.Ct.App.1939), plaintiff's decedent, a welder, met his death while repairing a leak in a boiler to be used in oil well drilling operations. In ruling that such activity was within the trade, business or occupation of the petroleum company, the court at page 891 reasoned:

> "The setting up of the machinery and equipment with which to drill was necessary in order to drill, and minor repairs by welding of and on the equipment was likewise necessary every time it was set up. It is so closely related to the actual drilling of the well as to become a component part of it * * *."

The Louisiana court in Shird v. Maricle, 156 So.2d 476, at pp. 478–479 (La.Ct. App.1963), stated that

> " * * * the repair of equipment is often considered a part of the principal's business, even though the injury is received by the employee of a subcontractor hired especially to perform the repairs."

---

3. See Ball v. Kaiser Aluminum & Chem. Corp., 112 So.2d 741 (La.Ct.App.1959); Horrell v. Gulf & Valley Cotton Oil Co., 15 La.App. 603, 131 So. 709 (1930); Dandridge v. Fidelity & Cas. Co., 192 So. 887 (La.Ct.App.1939).

4. See, e.g., Fontenot v. Stanolind Oil & Gas Co., 144 F.Supp. 818 (W.D.La.1956), aff'd, 243 F.2d 574 (5th Cir. 1957); Thibodaux v. Sun Oil Co., 40 So.2d 767 (La.Ct.App.1949); aff'd, 218 La. 453, 49 So.2d 852 (1950); Goodwin v. United States Rubber Co., 186 So.2d 356 (La. Ct.App.1966); Shird v. Maricle, 156 So.

2d 476 (La.Ct.App.1963); Best v. J. & B. Drilling Co., 152 So.2d 119 (La.Ct. App.1963); Stansbury v. Magnolia Petroleum Co., 91 So.2d 917 (La.Ct.App.1957). See also Castille v. Liberty Mut. Ins. Co., 356 F.2d 509 (5th Cir. 1966); Kent v. Shell Oil Co., 286 F.2d 746 (5th Cir. 1961); Hall v. Continental Drilling Co., 245 F.2d 717 (5th Cir. 1957); Isthmian S.S. Co. of Delaware v. Olivieri, 202 F. 2d 492 (5th Cir. 1953); Turner v. Oliphant Oil Corp., 200 So. 513 (La.Ct.App. 1940); Seabury v. Arkansas Nat. Gas Corp., 171 La. 199, 130 So. 1 (1930).

■ While several decisions have stressed the fact that the principal who had contracted out certain work could have employed men to perform the same work,[5] the court in Turner v. Oliphant Oil Corp., 200 So. 513, 514 (La.Ct.App.1940), made it clear that "the method used by the oil company to salvage the casing, whether by its own employee or by contracting to have it done by an independent contractor can make no difference."

We agree with the district court that Massey's sole remedy was under the Louisiana Workmen's Compensation Act. The judgment is therefore

Affirmed.

5. E.g., Goodwin v. United States Rubber Co., 186 So.2d 356 (La.Ct.App.1966); Best v. J. & B. Drilling Co., 152 So.2d 119 (La.Ct.App.1963); Stansbury v. Magnolia Petroleum Co., 91 So.2d 917 (La.Ct. App.1957); Dandridge v. Fidelity & Cas. Co., 192 So. 887 (La.Ct.App.1939).