208 So.2d 366 (1968)
Samuel G. HENSON
v.
TRAVELERS INSURANCE COMPANY et al.
No. 7269.
Court of Appeal of Louisiana, First Circuit.
March 4, 1968.
Rehearing Denied April 8, 1968.
Writ Refused May 17, 1968.
*367 Ralph Brewer, Baton Rouge, for appellant.
W. S. McKenzie, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS and CUTRER, JJ.
LOTTINGER, Judge.
This is a suit in tort filed by Samuel G. Henson for damages resulting when he allegedly stepped into a piling hole on a construction site. The named defendants are Allied Chemical Company, the owner of the construction site, and its liability insurer, Travelers Insurance Company, Gurtler, Hebert & Company, Inc., a sub-contractor on the construction job, and Gray and Company, Inc., the alleged agent of an undisclosed principal, who is the insurer of Gurtler, Hebert and Company, Inc. Allied Chemical Company and its insurer, Travelers Insurance Company, filed exceptions of no cause of action which were maintained by the Lower Court, and the petitioner has taken this appeal.
The record discloses that on or about February 9, 1966, there was under construction on property owned by Allied Chemical Company, the Geisar Plant for the nitrogen division of Allied. Leonard Construction Company was the general contractor for the job, and Gurtler, Hebert and Company, Inc., was the pile driving sub-contractor on the said job. The petitioner alleges that on or about said date, petitioner stepped into an unattended, undesignated and unbarricaded hole left by the said contractor on the job site, resulting in certain injuries to petitioner. At the time petitioner was employed as a carpenter by the general contractor, Leonard Construction Company, and was injured in the scope of his employment. The petitioner further alleges that Allied Chemical Company and its liability insurer, Travelers, are liable for said injuries without fault pursuant to Articles 670 and 2322 of the Louisiana Civil Code. Allied and Travelers filed exceptions of no cause of action which were maintained by the Lower Court, and petitioner's suit dismissed, thus resulting in this appeal.
*368 Article 670 of the Louisiana Civil Code provides as follows:
"Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."
Article 2322 of the Louisiana Civil Code reads as follows:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
In Crutti v. Frank, La.App., 146 So.2d 474, which was recently quoted by this Court with approval in Davis v. Hamilton, La.App., 194 So.2d 361, the Court held:
"`It is well settled that where a contractor undertakes to do work for an owner under a contract which provides that the owner shall furnish the plans and specifications and that his only right shall be to insist that the job be done in accordance with those plans and specifications, the contractor does not become the agent or employee of the owner. Therefore, the owner is not liable to third persons who may be injured through fault of the contractor or his employees. Robideaux v. Hebert, 118 La. 1089, 43 So. 887, 12 L.R.A.,N.S., 632; Crysel v. Gifford-Hill & Co., La.App., 158 So. 264; West Bros. v. Pierson, La.App., 2 So.2d 71.'
"Further, the owner is not responsible for any negligence of the independent contractor, Daroca v. Metropolitan Life Ins. Co., 5 Cir., 121 F.2d 917 (and cases cited therein.)"
Thus we find that the owner is not liable to third persons where the work is being done under a contract which provides that the owner shall furnish the plants and specifications and that his only right shall be to insist that the job be done in accordance with those plans and specifications. In the event this test is not met, then the contractor becomes the agent or employee of the owner, and his sole recourse would be under workmen's compensation.
In the Daroca case, cited in the above quote, the owner of an apartment building had let a contract for the extensive alterations and repairs to the building. Petitioner was an employee of a painting subcontractor at the time of the accident. While on a scaffold outside the second floor of the building, petitioner was injured by a part of a casement window sash which fell from the fourth floor and either struck him on the head, or in some manner knocked him to the ground, resulting in injuries. At the time of the accident the building was completely in charge of the contractor. The petitioner sued both the general contractor and the owner of the building. He claimed that Arts. 670 and 2322 of the Louisiana Civil Code necessarily imply a presumption of negligence in favor of a third party not a tenant, from the mere happening of an accident. The Court held this contention without merit and ruled as follows:
"Plaintiff was neither a tenant nor a third party lawfully, but accidentally, on the premises, nor a passerby. He was a workman engaged in making repairs to the building, employed for the very purpose of complying with the owner's duty to keep his building in repair. As to him, there is no doubt whatever the owner was not responsible for any negligence of an independent contractor."
We feel that the interpretation of said codal articles by the Federal Court is correct with regard to liability in tort. Furthermore, under the circumstances of the case now before us, the injured petitioner was a statutory employee of the owner under the provisions of Title 23, Section *369 1061 of the Louisiana Revised Statutes which provide as follows:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
Under the interpretation of said statute as set forth by the Courts of this State, the remedy of the petitioner against the owner under the Workmen's Compensation Act is an exclusive one. See Goodwin v. United States Rubber Co., La.App., 186 So.2d 356; Best v. J & B Drilling Co., La.App., 152 So.2d 119, certiorari denied 244 La. 661, 153 So.2d 880.
We therefore feel that the recourse of the petitioner against the owner was one in workmen's compensation and not in tort, and the Lower Court was correct in maintaining the exception of no cause of action.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.