217 So.2d 789 (1969)
Daisy Burt SCHMOLKE
v.
KRAUSS COMPANY, Ltd.
No. 3163.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1969.
Rehearing Denied February 3, 1969.
*790 Peter J. Abadie, Jr., New Orleans, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, James C. Murphy, Jr., New Orleans, for defendant-appellee.
Christovich & Kearney, Lawrence J. Ernst, New Orleans, for intervenor-appellee.
Before REGAN, SAMUEL and REDMANN, JJ.
REDMANN, Judge.
Mrs. Daisy Burt Schmolke, who was employed in the shoe department operated by Sid Katz, Inc. within Krauss Company Ltd.'s department store, appeals from a summary judgment dismissing her suit in tort against Krauss for injuries sustained on Krauss' premises.
The theory supporting the summary judgment is that under LSA-R.S. 23:1061 Krauss is a principal, liable to its contractor Katz' employee for workmen's compensation as if the employee were Krauss' own; and that under LSA-R.S. 23:1166, because Krauss has a policy of insurance which would afford plaintiff workmen's compensation benefits, plaintiff's claim as an employee for injuries against Krauss is exclusively under the workmen's compensation act and not in tort; Bergeron v. New Amsterdam Cas. Co., 243 La. 108, 141 So.2d 832 (1962).
Plaintiff objects that § 1166 relates exclusively to "employers"; that had the legislature intended it to apply to principals when it was enacted in 1958 it would have so specified. But we note that § 1061 itself provides that, in proceedings against the principal, "in the application of this Chapter [Chapter 10 of Title 23, *791 LSA-R.S. 23:1021-1351] reference to the principal shall be substituted for reference to the employer", and La.Acts 1958 No. 495 expressly enacted "Section 1166 of Title 23" of the Revised Statutes, making it part of Chapter 10 of Title 23. Accordingly, in the application of the added § 1166 in proceedings against a principal, we must consider it part of Chapter 10 and substitute "principal" for "employer" in § 1166 as required by § 1061.
Plaintiff's main argument is that the Krauss-Katz relationship is not, or at least is not shown to be, a principal-contractor relationship governed by § 1061. He asserts that Krauss and Katz were lessor and lessee, and that in any case the work done by Katz in operating the shoe department is not shown to be part of the "trade, business or occupation" of Krauss.
The record shows that Krauss operates a department store, and that within the physical department store Katz operates the shoe department in accordance with a "lease and agreement" dating from 1924.
The agreement does contain some ordinary lease features. Katz must pay "minimum annual rentals" if the specified percentage of gross sales he must pay falls below the minimums; and Krauss must allow Katz specified space within the store.
However, the space is to "be used exclusively as a shoe department, and as part of the general business of Lessor, and conducted under the trade name of Lessor." Without reciting the many corroborative details of the "lease and agreement", we can fairly say that the purpose of Katz operating the shoe department as a department of Krauss' department store is adhered to consistently throughout.
LSA-R.S. 23:1061 provides, in part:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."
If plaintiff were seeking workmen's compensation rather than damages in tort, we would have little difficulty in tracking the quoted statute, by saying Krauss did undertake the operation of a shoe department, which is part of its trade or business of operating a department store, and contracted with Katz for the execution by Katz of the operation of the shoe department.
The liberal construction of the Workmen's Compensation Act required to accomplish its humane purpose by including all workmen reasonably afforded its protection must equally be applied when an injured person seeks exclusion from the act in order to seek damages in tort; Spanja v. Thibodaux Boiler Works, 2 So. 2d 668 (La.App.1941).
Krauss and Katz may be lessor and lessee, but they are additionally principal and contractor within § 1061. An ordinary lessor is not his lessee's principal, because the ordinary lessor does not undertake to perform part of his trade or business by contracting with his lessee to execute it, as Krauss did. Thus simple lessor-lessee cases like Fouchaux v. Board of Com'rs of Port of New Orleans, 193 La.
*792 182, 190 So. 373 (1939), are not controlling here.
Burks v. Glenmora Service Station, 2 La.App. 530 (1925), is cited by plaintiff and is factually similar to the matter before us. However, the principal-contractor section, now LSA-R.S. 23:1061, was not invoked by plaintiff nor even mentioned by the court, and the case is no precedent in construing that provision.
Plaintiff here also argues that the selling of shoes is not a part of Krauss' trade, business or occupation, since it is not shown that Krauss itself ever directly sold shoes or that other department stores themselves directly sell shoes. She cites Shird v. Maricle, 156 So.2d 476 (La.App.1963), and Meche v. Farmers Drier & Storage Co., 193 So.2d 807 (La.App.1967). Plaintiff contends that certain questions relating to the shoe department practices of Krauss and Katz and other local department stores are disputed issues of material fact that should have prevented summary judgment under LSA-C.C.P. Art. 966.
But the cited cases deal with what Meche calls fringe activities, such as truck repair and rodent control, only remotely connected, as Shird suggests, to the principal's business. Evidence of the practices of persons engaged in similar businesses may be necessary to determine whether remote, fringe activities are to be considered part of the principal's business. But it is common knowledge that a shoe department is a usual and standard department, or part of the business, of department stores. There is no necessity for evidence of what is common knowledge, since courts may take judicial notice of such matters; Elba v. Thomas, 59 So.2d 732 (La.App. 1952); see also Stansbury v. Magnolia Petroleum Co., 91 So.2d 917 (La.App.1957), involving LSA-R.S. 23:1061.
We conclude that LSA-R.S. 23:1061 is fully applicable; that Krauss is liable for compensation as if plaintiff were its direct employee; that because of Krauss' insurance affording her workmen's compensation benefits plaintiff's exclusive remedy against Krauss is for workmen's compensation, LSA-R.S. 23:1166, and the summary judgment dismissing her suit in tort against Krauss is therefore affirmed. Each party to this appeal is to bear his own costs.
Affirmed.