Richard OWEN and Edward N. Dewey,
Plaintiffs-Appellants,

Travelers Insurance Company,
Intervenor-Appellant,

v.

KAISER ALUMINUM AND CHEMICAL
CORP., Defendant-Appellee.

No. 27389

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1969.

Rehearing Denied Nov. 26, 1969.

Ralph E. Orpys, Ignatz G. Kiefer, Frank C. Allen, Jr., George M. Leppert, New Orleans, La., for appellants Owen and Dewey.

Thomas F. Jordan, Gerard M. Dillon, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is an appeal from a Louisiana diversity case in which appellants Owen and Dewey sought damages in tort against appellee Kaiser Aluminum and Chemical Corporation.[1] Appellants were employees of Carl L. Woodward, Inc., which had contracted to construct part of a new chemical plant for Kaiser Aluminum. Both appellants were injured when a steel column on which they were working collapsed without warning. Appellants allege that the column had been constructed by Kaiser Aluminum and that it fell because of Kaiser Aluminum's negligence in erecting it. The trial court granted summary judgment for Kaiser Aluminum on the ground that Kaiser Aluminum was appellants'

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

statutory employer and held that appellants' remedy lay solely in the Louisiana Workmen's Compensation Statute. We affirm.

The case was submitted on the pleadings and on affidavits of three employees of Kaiser Aluminum. The main affidavit is that of Robert E. Shillington, who detailed the contracts that Kaiser Aluminum was administering. There was an important contract with Kaiser Engineers Division of Henry J. Kaiser Company, but Kaiser Aluminum was to procure all subcontracts. A number of such contracts were submitted with the affidavit, one of which was with Carl L. Woodward, Inc., to construct a warehouse, the construction project at issue here. Kaiser Engineers was to lay the foundation and Woodward was to build the rest of the structure. Kaiser Aluminum, through Shillington, supervised the erection of the warehouse. The information supplied by this affidavit is uncontradicted, except for appellants' conclusory allegation that Kaiser Engineers was Kaiser Aluminum's general contractor.

■ We think that the facts shown by the record make Kaiser Aluminum its own general contractor, engaged in constructing this aluminum plant as part of its trade or business. It therefore comes within the coverage of La.Stat. Ann. § 23:1061 (1964), was appellants' statutory employer, and was entitled to insist that their remedy be under the Workmen's Compensation Statute. See Schmolke v. Krauss Co., La.App. 4th Cir. 1969, 217 So.2d 789; Henson v. Travelers Ins. Co., La.App. 1st Cir. 1968, 208 So.2d 366; Goodwin v. U. S. Rubber Co., La.App. 1st Cir. 1966, 186 So.2d 356. Appellants' reliance on Ball v. Kaiser Aluminum & Chem. Corp., La.App. Orleans 1959, 112 So.2d 741, is misplaced notwithstanding the fact that it involved the same defendant, because at the time of that case Kaiser Aluminum was building its plants differently, with Kaiser Engineers functioning as general contractor. Furthermore, under the circumstances shown here the court properly entered summary judgment for Kaiser Aluminum. Fed.R.Civ.P. rule 56 states that summary judgment is appropriate when the record indicates that there is no remaining issue of fact and that the moving party is entitled to judgment as a matter of law. Here the constellation of contracts that Kaiser Aluminum was administering was fully exposed, together with the degree of involvement of Kaiser Aluminum and Kaiser Engineers.[2] The sole question was whether the facts as shown were legally sufficient to make Kaiser Aluminum its own general contractor. Additional facts that might have been developed at trial would not have been relevant to this question.

Affirmed.

---

2. Appellants' allegation that the column that fell had been "previously erected by the Kaiser Aluminum and Chemical Corporation, and was owned by said corporation" conclusively establishes that Kaiser Aluminum had done some work on the project as well as supervising. We are not unmindful that we must make those factual inferences favorable to appellants, since this case concerns summary judgment, but if in fact it were not true that Kaiser Aluminum had built this column with the expectation that it might be used by these workers, then appellants' entire claim, which is based on Kaiser Aluminum's alleged negligence in constructing the column, would fall of its own weight. Appellants' complaint can thus be read only as corroborating Kaiser Aluminum's uncontradicted affidavits.