BOUTALL, Judge.
Plaintiffs, Blanche Lawrence Grilletta, and her husband, Stephen Grilletta, seek to have reversed and set aside a judgment granting defendant’s Motion for Summary Judgment dismissing their suit. The suit was in tort against Leon Godchaux Clothing Store, Ltd. (also styled “Leon God-chaux Clothing Ltd.” and “Leon Godchaux Clothing Company, Ltd.” and hereinafter referred to as Godchaux’s), a department store located on Canal Street in New Orleans, and its insurer, Liberty Mutual Insurance Company.
Mrs. Grilletta was an employee of Kree Institute of Electrolysis, Inc., engaged in the service of removing facial and body hair through the process of electrolysis. Kree’s physical location for the rendering of such services is on the premises of God-chaux’s Canal Street store. On July 19, 1969, Mrs. Grilletta, reporting to her job with Kree, entered Godchaux’s store at 8:30 A.M., proceeded to the defendant Godchaux’s Security Desk to sign in, and was called to or distracted by an employee of defendant’s, at which time plaintiff tripped and fell over an exposed telephone cord, causing personal injuries to her which constitute the damages prayed for in this suit.
Defendants did not answer but filed a Motion for Summary Judgment alleging plaintiffs have no right of action in tort, because (they allege) Mrs. Grilletta was an employee of Kree, who was a subcontractor of defendant Godchaux’s, and who had *633 undertaken to execute work which was part of Godchaux’s usual trade and business, the operation of a beauty salon in Godchaux’s Canal Street store. Mrs. Gril-letta’s rights would thus be limited to a suit under the Workmen’s Compensation Statute. LSA-R.S. 23:1032, R.S. 23:1061.
Defendants filed with their motion an affidavit of one W. P. Stitch, Treasurer of Godchaux’s, stating that since 1946 God-chaux’s has leased to Seligman & Latz, of New Orleans, Inc., a portion of the Canal Street store premises for the operation of a beauty parlor to be operated by them as agents for Godchaux’s under the aegis of Godchaux’s department store, this beauty parlor having continuously been part of Godchaux’s ordinary trade or business. He further stated that Seligman & Latz had subcontracted with Kree for its operation of an electrolysis service, and that Mrs. Grilletta was an employee of Kree, and had previously made a claim for workmen’s compensation against Godchaux’s. Attached are copies of the agreement between Godchaux’s and Seligman & Latz, leasing them part of the store premises for the exclusive purpose of “conducting the business or businesses of selling hair goods, that is, goods made of hair for head decorations, manicuring, hairdressing, shampooing, facial and scalp massaging and treatments, hair dyeing, permanent waving, and barber shop.” Also attached are extensions of the lease and certain resolutions and agreements between the two relating to the conduct of the beauty parlor operation. Kree was not a party to, nor is it mentioned in, any of these agreements.
Mrs. Grilletta then filed an affidavit in which she states she was an employee of Kree, and was never employed by Selig-man & Latz nor by Godchaux’s, and that her duties with Kree were “that of an elec-trolysist, which duties consist of the following: Removing unwanted facial and body hair”.
Filed in the record was an affidavit of the Claims Supervisor of Liberty Mutual, stating that compensation benefits were paid to Mrs. Grilletta under its contract of insurance with Godchaux’s as a resujt of the incident in question here. Benefits were paid for thirty-seven weeks for a total of $1,665.00, and medical payments were made in the amount of $435.50.
Also filed in the record was a letter addressed to the plaintiff’s attorney, Mr. Simmons, by Liberty Mutual’s claims adjuster, Mr. Matz. This letter sets forth the reasons compensation benefits to Mrs. Grilletta were stopped, to wit: (1) The insurer’s doctor stated Mrs. Grilletta was able to return to work, and (2) The statement that " * * * Mrs. Grilletta is not an employee of Godchaux’s as was initially reported to us”.
On the basis of these affidavits and exhibits, the District Court rendered summary judgment dismissing the action in tort, while reserving the plaintiff’s rights as to workmen’s compensation under LSA-R.S. 23:1032. (This was an alternative right to action pleaded by the plaintiff that is not now before us.)
We are of the opinion that summary judgment is not the proper proceeding here. Summary judgment may be rendered only where there is no genuine issue as to a material fact, and is not to be used as a substitute for a trial. If a genuine issue as to a material fact exists, a summary judgment may not be rendered. Glass v. Vista Shores Club, 221 So.2d 304 (La.App. 4th Cir. 1969); Joiner v. Lenee, 213 So.2d 136 (La.App. 3rd Cir. 1968), writ refused 252 La. 960, 215 So.2d 129; Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir. 1966), writ refused 249 La. 724, 190 So.2d 236; Acadia-Vermilion Rice Irrigating Co. v. Broussard, 185 So.2d 908 (La.App. 3rd Cir. 1966).
If there is any doubt concerning the absence of a material issue of fact, a motion for summary judgment does not lie and must be rejected in favor of a trial on the merits. Henderson v. Falgout, 188 So.2d 208 (La.App. 1st Cir. 1966). All doubts *634 should be resolved against such a motion and in favor of a trial on the merits. Coastal Contractors Inc., v. Tri-City Construction Company, 238 So.2d 36 (La.App. 1st Cir. 1970); Jones v. Davis, 233 So.2d 310 (La.App. 2nd Cir. 1970) ; writ refused 256 La. 80, 235 So.2d 101.
The gravamen of this suit is the relationship between Mrs. Grilletta and God-chaux’s. If Godchaux’s is a mere proprietor and Mrs. Grilletta is a guest, there is no procedural bar to her recovery in tort. If Mrs. Grilletta is an employee of God-chaux’s, either directly or by operation of R.S. 23:1061, her proceeding in tort is barred by R.S. 23:1032. Their relationship is a material factual issue which we feel is not settled by the affidavits and exhibits in evidence before the District Court and now before us.
It is clear that Mrs. Grilletta was employed by Kree, but there is no specific link between Kree and Godchaux’s. Defendants’ Exhibits show a relationship between Godchaux’s and Seligman & Latz, concerning the latter’s operation of a beauty parlor for Godchaux’s, as part of God-chaux’s (as a department store’s) normal trade and business. The agreement between the two attempts to outline the functions and operations of Seligman & Latz, and limits them to specific activities, as previously quoted. As between these two parties, this agreement will be given the effect of law. However, no mention is made of electrolysis hair removal treatments in the agreement; a close reading of it reveals that the only possible reference to electrolysis treatments to include this in Seligman & Latz’s services is the term “facial treatments” to be given in the operation of the beauty salon. Seligman & Latz are limited to the operation of such a beauty salon and may do no more. Kree, as we have previously noted, is not mentioned at all.
A reference to Louisiana law brings us to the Louisiana Cosmetology Act of 1964, (as amended 1968) LSA-R.S. 37:492, § 2 which defines “Beautician”, “Hairdresser”, and its synonyms, and specifically excludes “that process of removing surplus hair known as electrolysis”. Section 6 of the Act (defining a beauty salon) shows us that what Mrs. Grilletta does may not be part of a normal beauty salon’s operations.
We are referred by the defendants to the case of Schmolke v. Krauss Company, Ltd., 217 So.2d 789 (La.App. 4th Cir. 1969), wherein LSA-R.S. 23:1061 and R.S. 23:1032 precluded recovery by an employee of Sid Katz, Inc., the shoe department operator for Krauss’ department store, in tort, limiting plaintiff to a remedy under workmen’s compensation. In that case Sid Katz, Inc., and Krauss Co., Ltd., were related in an agreement similar to that between Seligman & Latz and God-chaux’s in the present case, and this relationship was found to be that of contractor-principal necessitating a summary judgment dismissing the suit. However, in Schmolke, supra, the plaintiff was a direct employee of the subcontractor Sid Katz, Inc., and not of a third employer whose relationship to the subcontractor is unclear, such as Kree. There, too, the undertaking of the subcontractor, operating a shoe department, was clearly found to be obviously within the normal trade or business of the principal, a large department store. Because of this, we factually distinguish Schmolke v. Krauss, supra, from the case at bar. Where there is an issue as to whether the work of the employee of a subcontractor is part of the principal’s normal trade or business, a motion for summary judgment will not lie. Shird v. Maride, 156 So.2d 476 (La.App. 3rd Cir. 1963).
We do not decide if Mrs. Grilletta’s functions of employment are the type of trade or business which a department store normally holds out to the public. Nor do we decide if the relationship of Kree to Seligman & Latz is that of a subcontractor. To decide these issues requires the introduction of evidence in a trial on the merits; the doubt expressed here points to the existence of a real and viable material *635 issue of fact which precludes a summary judgment. Therefore, the summary judgment dismissing this case is hereby reversed and set aside, and the matter remanded for trial on the merits or further proceedings not inconsistent with this opinion. All costs of this appeal are assessed against the defendants-appellees; all other costs are to await final determination of these proceedings.
Reversed and remanded.