Louis FONTENOT and Viola Andrus
et al., Appellants,

v.

STANOLIND OIL and GAS COMPANY
and Liberty Mutual Insurance Company, Intervenor, Appellees.

No. 16446.

United States Court of Appeals
Fifth Circuit.

April 26, 1957.

Paul C. Tate, Mamu, La., Emile A. Carmouche, Jr., Crowley, La., for appellants.

Charles Kohlmeyer, Jr., St. Clair Adams, Jr., New Orleans, La., Joseph Onebane, Lafayette, La., Lemle & Kelleher and Adams & Reese, New Orleans, La., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Plaintiffs-appellants brought separate tort actions for damages against defendant, alleging negligence in not furnishing a safe place to work, and further alleging that the work being performed by them was not, within the Louisiana Workmen's Compensation Act, a part of defendant's regular trade, business, or occupation.

Defendant-appellee moved in each case, with supporting affidavits, for a summary judgment on the ground that Sec. 6, LSA–2R.S. 23–1061, and Sec. 34, LSA–R.S. 23–1032, of the Louisiana State Workmen's Compensation Act granted an exclusive right to appellants for compensation, and that, on the issue tendered by plaintiffs, that the work being performed was not a part of defendant's regular trade, business, or occupation, there was no genuine dispute as to any material fact.

Thereafter, plaintiffs having replied to the motion, the district judge, for the reasons stated by him in a carefully considered, thorough going, and detailed opinion, published in D.C., 144 F.Supp. 818, setting out the contents of the affidavits, canvassing and discussing the law of the cases, including the two from this court, Isthmian Steamship Co. of Delaware v. Olivieri, 5 Cir., 202 F.2d 492 and Tucker v. Texas Co., 5 Cir., 203 F.2d 918, together with Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852, and the other controlling Louisiana cases, and making findings of fact and conclusions of law, granted the motion and entered judgment accordingly.

Seeking reversal of the judgment, plaintiffs are here putting forward three points of error[1] and, under these points, urging upon us in a scholarly presentation of their views as to the purpose, meaning and effect of the sections under construction, that the district judge gave a wrong construction and application to them, and, therefore reached a wrong result.

We do not think so. On the contrary, we are of the view that his excellent opinion, detailing the undisputed facts and canvassing and applying the teachings of the cases, correctly construed and applied the Act to the undisputed facts.

Accordingly, without undertaking what would be merely a repetitious rediscussion of the record and the cases, we conclude that the judgment was right and that it should be affirmed on the grounds and for the reasons given in the opinion of the district judge.

Affirmed.

1. "(1) That the court erred in holding that plaintiff, Louis Fontenot, and decedent, Eugene Laviolette, were, as a matter of law, engaged in the trade, business or occupation of defendant, Stanolind Oil Company.

"(2) That the court erred in holding that no question of fact for the jury was presented by the pleadings and evidence.
"(3) That the court erred in maintaining defendant's motion for summary judgment and dismissing plaintiff's complaint."