Vera Louise CASTILLE, Individually, etc. and Continental Casualty Company, Appellants,

v.

LIBERTY MUTUAL INSURANCE COMPANY et al., Appellees.

No. 22296.

United States Court of Appeals Fifth Circuit.

Feb. 14, 1966.

Donald Labbe, Lafayette, La., Lawrence K. Burleigh, Morgan City, La., for appellants.

J. J. Davidson, Jr., Lafayette, La., Reginald W. Farrar, Jr., Lake Charles, La., Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for defendant-appellee, Liberty Mutual Ins. Co.

Before BELL and THORNBERRY, Circuit Judges and FISHER, District Judge.

PER CURIAM:

This is an appeal from judgments sustaining the motions of Aetna Casualty and Surety Company and Liberty Mutual Insurance Company for summary judgment. These companies were sued under the Louisiana direct action statute along with two other insurance carriers for damages allegedly arising out of wrongful death. The decisive question is whether the suit was barred by the Louisiana Workmen's Compensation statute.

Aetna and Liberty Mutual were the insurers of Pan American Petroleum Company and Power Rig Drilling Company, Inc., respectively. Pan American owned the drilling site where the accident in question occurred. It had contracted with Power Rig for the drilling of an oil well at the site. The contract provided that the latter would erect the rig, drill the well, dismantle the rig when finished and remove it and all equipment from the premises. Power Rig entered into a subcontract with Younger Brothers—J. M. English Truck Lines, Inc., the employer of the decedent, for the performance of part of the work called for in the contract, including participation in the dismantling and removal of the rig from the premises. Decedent met his death during the dismantling operation.

It was the position of Liberty Mutual and Aetna that the Louisiana Workmen's Compensation Act, LSA–R.S. 23:1061 and LSA–R.S. 23:1032, was appellants' exclusive remedy. This follows if the work in which decedent was engaged was a part of Power Rig's and Pan American's trade, business or occupation, and as to this we agree that there was no genuine issue as to any material fact.

The affidavits raised no factual dispute. They demonstrated that the work

**510**

being done by the decedent when he met his unfortunate death was clearly a part of the trade, business or occupations of Pan American and Power Rig within the meaning of the Louisiana statute, supra. See Lisenby v. Fid. & Cas. Co., 5 Cir., 1964, 327 F.2d 665; Fontenot v. Stanolind Oil & Gas Co., 5 Cir., 1957, 243 F.2d 574; Tucker v. Texas Company, 5 Cir., 1953, 203 F.2d 918; and Isthmian S. S. Co. of Delaware v. Olivieri, 5 Cir., 1953, 202 F.2d 492.

Affirmed.