Clyde F. WHITTINGTON, Jr.

v.

GULF OIL CORPORATION et al.

Civ. A. No. 14230.

United States District Court,
W. D. Louisiana,
Lafayette Division.

Feb. 4, 1971.

Domengeaux, Wright & Bienvenu, Bob F. Wright, Lafayette, La., for plaintiff.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert M. Contois, Jr., New Orleans, La., and Davidson, Meaux, Onebane & Donohoe, John Torian, Lafayette, La., for all three defendants.

Mouton, Champagne & Colomb, Patrick L. Colomb, Lafayette, La., for Shivel, Inc.

Voorhies, Labbe, Fontenot, Leonard & McGlasson, W. Gerald Gaudet, Lafayette, La., for Aetna Casualty & Surety Co., Intervenor.

## OPINION AND JUDGMENT

PUTNAM, District Judge.

This suit purports to be in maritime tort for damages resulting to plaintiff in an accident occurring October 13, 1967, while working on a pipeline in Plaquemines Parish, Louisiana, near the east line of Section 35, Township 22 South, Range 30 East, shown on "West Bay Area", plat filed July 25, 1969. Originally, Gulf Oil Corporation, Gulf Refining Company, and Travelers Insurance Company were named defendants. Subsequently, on April 16, 1969, Shivel, Inc., was made a defendant, and on November 11, 1969, Tassin's Amphibious Equipment Corp., Insurance Company of North America, and Home Insurance Company were added. Defendants Gulf Oil, Gulf Refining and Travelers moved for summary judgment.

The undisputed facts require that the motion for summary judgment be granted. They are:

1. Plaintiff is a citizen of Mississippi and there is complete diversity of citizenship. We have jurisdiction under 28 U.S.C.A. § 1332.

2. Defendant Gulf Refining (hereinafter referred to with Gulf Oil and Travelers simply as Gulf), contracted with Shivel, Inc., an Oklahoma corporation, to lay a twelve-inch pipeline from Venice, Louisiana, to West Bay Compressor Station. Shivel, Inc., contracted with Davis and Sons, Inc., plaintiff's employer, for additional laborers, and plaintiff was sent to the job pursuant to this arrangement.

3. Gulf maintained personnel on the job for the sole purpose of seeing that the work was done according to the terms and specifications of its written contract with Shivel. There is a conflict in the testimony given by Mr. Shivel in his deposition and that of Mr. Dameron, one of Gulf's construction foremen, as to how this power was actually exercised, but it is not necessary that this conflict be resolved to decide this motion.

4. Plaintiff was transported to the site of the accident by crew boat. A crane, mounted on a marsh buggy, a vehicle built to operate in marshy terrain and equipped with pontoons so as to actually float or propel itself across canals and areas of deeper water, was rented by Shivel, Inc. from defendant Tassin's Amphibious Equipment. This crane arrived at the site by barge, and was driven up the bank into the marsh a distance of some 100 or 150 feet from the water to the point where the accident happened.

5. Whittington and a fellow workman went to the place where the crane was positioned. Their purpose was to place a sling under a smaller four-inch pipeline so it could be lifted from the marsh and set on empty drums above the surface to permit passage of the twelve-inch line beneath it.

6. The four-inch line was carrying gas under pressure. It ruptured when lifted from the marsh injuring the plaintiff who was next to it preparing to

place the barrels under it. There is a dispute in the evidence on the question of whether or not the Gulf field representative had advised the Shivel personnel that the line had been closed and the pressure bled off, and that it was all right to proceed with the lifting operation. This question is also immaterial to our decision.

7. The accident occurred on land, in the marsh, and not on any navigable stream or body of water. This is clearly shown by reference to the large scale photographic plat of Gulf's "West Delta Blk. 41, Onshore Facilities," filed in evidence by stipulation of the parties on July 25, 1969, on which the location of the accident is shown in red and on the "West Bay Area" plat mentioned above. It is confirmed by the depositions of plaintiff, Mr. Shivel and Mr. Dameron.

8. The operation of pipelines and their construction and use in the movement of oil, gas and other liquid or gaseous hydrocarbons in connection with the production, refining and marketing of oil and gas and their by-products is an essential activity of the business carried on by Gulf. While not necessary to this decision, it is also uncontradicted that both Gulf defendants and other major oil producing companies do, from time to time, engage in the construction of pipelines of this type themselves, and that they also contract for such work, as was the case here. (Affidavits of Ralph E. Jones and A. W. G. Muller, filed September 3, 1969.)

## CONCLUSIONS

■ Based on the foregoing facts, it is clear that the maritime character of this action as alleged in plaintiff's petition cannot be supported against either of the Gulf defendants. Even assuming the position most favorable to plaintiff (which we do solely for the purpose of this motion), that he was attached to a vessel and in the service of such vessel when the injury occurred, the uncontradicted facts are that Gulf did not employ Whittington, nor did they operate or control any vessel to which he could

have been attached, or that could have caused this accident some 100 to 150 feet in the marsh so as to bring his cause of action within the provisions of the Extension of Admiralty Act, 46 U.S.C.A. § 740.

■ The motion for summary judgment is predicated upon Gulf's status as the statutory employer of plaintiff under the Louisiana Workmen's Compensation Act, making that statute plaintiff's exclusive remedy against Gulf under the provisions of LSA–R.S. 23:1061 and 1032. The law in this area is now settled beyond cavil. See Castille v. Liberty Mutual Ins. Co., 5 Cir. 1966, 356 F.2d 509; Arnold v. Shell Oil Company, 5 Cir. 1969, 419 F.2d 43; George v. Home Indemnity Company, 5 Cir. 1969, 420 F. 2d 782; cf. Cole v. Chevron Chemical Company, Oronite Division, 5 Cir. 1970, 427 F.2d 390. The test is whether or not the activity or work in which the injured workman was engaged at the time of his injury is essential to the business of the principal contractor. The fact that the employer or the industry as a whole always contracts out the activity is not controlling. Arnold v. Shell Oil Company, supra. See also: Allen v. United States Fire Insurance Co., et al., La.App.1969, 222 So.2d 887.

■ Under the jurisprudence as set out above, we have no hesitation in holding that the construction of a pipeline for the gathering and movement of oil and gas produced from defendant's wells in this area and elsewhere, to its refinery or other gathering point, is assuredly an activity essential to the business of these defendants. Even granting some negligence on the part of Gulf's employee in advising Shivel's crew that the line in question was free of gas and could be lifted (as assumption we make for the purpose of this motion only and one which is not, under any circumstances, to be construed as a finding of fact by the court), and that such negligence was a proximate cause of the accident, plaintiff's sole remedy against Gulf would be under the Louisiana

Workmen's Compensation Law, LSA–R. S. 23:1032.

It is therefore ordered that the motion for summary judgment filed by Gulf Oil Corporation, Gulf Refining Company and their insurer, Travelers Insurance Company, be and the same is hereby granted, and plaintiff's suit as to these defendants is dismissed.

This judgment of dismissal shall be and is a final judgment as to said defendants within the intent and purposes of F.R.C.P. Rule 54(b).

The foregoing is the judgment of the court and the Clerk shall enter same as such without further formality.