**Lester J. LEGER, Plaintiff-Appellant,**

v.

**AMERADA HESS CORPORATION,**
**Defendant-Appellee,**

**Consolidated Underwriters, Intervenor.**

**No. 72–3480**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

June 13, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

W. D. Atkins, Jr., Lafayette, La., for plaintiff-appellant.

John Pitts, Alexandria, La., for defendant-appellee.

William H. de Launay, Jr., Alexandria, La., for intervenor.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The sole issue on this appeal in this diversity case is whether Lester J. Leger was the statutory employee of Amerada Hess for purposes of exclusive liability under the Louisiana Workmen's Compensation statutes, La.Rev.Stat.Ann. § 23:-1032 and § 23:1061.[1] The court below

---

1. La.Rev.Stat. § 23:1032 provides:
The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.

granted summary judgment for the defendant. We affirm.

Leger's general employer was Townsend Brothers, a firm which supplied labor to Amerada on a daily basis. At the time of his injury, Leger was engaged in cleaning up oil spilled from a separator at Amerada's work site under the direction of a supervisor supplied by Amerada.

 The coverage of the "trade, business, or occupation" clause of § 23:-1061 has been the subject of extensive judicial interpretation which is summarized in a series of recent opinions of this court. *See, e. g.,* Arnold v. Shell Oil Company, 419 F.2d 43 (5th Cir. 1969); Cole v. Chevron Chemical Company-Oronite Division, 427 F.2d 390 (5th Cir. 1970), on appeal after remand, 477 F.2d 361 (5th Cir. 1973). As we stated in *Arnold,* citing numerous Louisiana cases, the test for determining whether the work of employees of independent contractors is within the regular "trade, business, or occupation" of the principal employer is "whether the particular activity is essential to the business." 419 F.2d at 50. The application of this test was further explained in *Cole I* thus:

> . . . the fact that the employer or the industry as a whole always contracts out the activity is not controlling. . . .

Similarly not controlling is the fact that the employer hires workers of its own to perform activity related to the activity it contracts out. Instead, the decisive factors are the nature of the activity being contracted out, the nature of the principal employer's business, and the relationship between the particular activity and the broader business operation. In this regard, the basic inquiry is not whether the activity contracted for is helpful or necessary to the operation of the business enterprise, for we may presume that businessmen in the normal conduct of their affairs will not contract for work that is neither helpful nor necessary. Rather, we inquire whether the particular activity is so related to the principal employer's conduct of his trade, business, or occupation that it should be considered as an essential part thereof. .

427 F.2d at 393–394. One important indicia of whether the independent contractor's employee falls within the scope of § 23:1061 is whether "the work contracted out was so necessary to the principal's operations that, if it were not performed by the independent contractor, the principal would have had to hire workers of its own to perform the task." *Cole II,* 477 F.2d 361.[2] This alternative-

Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute.

La.Rev.Stat. § 23:1061 provides:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings

are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependant, and shall have a cause of action therefor.

2. In its recent opinion in *Cole,* this court affirmed a judgment N.O.V. limiting the plaintiff to his compensation remedies where, as an employee of an independent contractor, he was engaged in expansion and renovation work neces-

employee test reflects the basic purpose of § 23:1061 which is to prevent the principal employer from evading his obligations under the Workmen's Compensation Statutes by contracting out work which would otherwise be performed by its own employees. *See* Arnold v. Shell Oil Company, *supra*, 419 F.2d at 50; Foster v. Western Electric Co., 258 So.2d 153, 156 (La.App.1972); Malone, Principal's Liability for Workmen's Compensation to Employees of Contractor, 10 La.L.Rev. 25 (1949). While the essentiality of a particular activity to a given business enterprise may involve disputed facts, *e. g.*, Cole v. Chevron Chemical Co.—Oronite Division, *supra*, 427 F.2d at 394; Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033 (5th Cir. 1970), where the factual picture of the principal employer's operations and the part the activity in issue played in those operations is clear, summary judgment is appropriate, *e. g.*, George v. Home Indemnity Co., 420 F.2d 782 (5th Cir. 1969); Fontenot v. Stanolind Oil & Gas Co., 243 F.2d 574 (5th Cir. 1957); Arnold v. Stupp Corp., 249 So.2d 276 (La. App.1971); Allen v. United States Fire Ins. Co., 222 So.2d 887 (La.App. 1969).

In *Arnold* and *Fontenot*, this court held that the maintenance of oil separation equipment at field work sites is part of the regular operation of an integrated oil company, so that those engaged in the maintenance of such equipment are as a matter of law statutory employees of the oil company under § 23:1061. In the present case, Leger's job—the removal and destruction of inflammable spillage from an oil separator —was part of the routine maintenance necessary to the continued safe operation of Amerada's work site. We find no reason to distinguish the legal status of employees supplied by independent contractors who repair separation equipment from that of those who clean up spillage surrounding such equipment. Both types of maintenance are essential to the operation of the oil company's enterprise. Whether Amerada chose, as a matter of practice, to perform this necessary function with its own employees or through servants obtained from independent labor contractors, those engaged in the clean-up operation are as a matter of law its statutory employees under the Louisiana Workmen's Compensation Act.

Since there were no disputed issues of material fact, a summary judgment was proper.[3]

Affirmed.

---

sary to the continued operation of the defendant's oil refinery.

3. We do not reach or decide whether the court below was correct in its alternative holding that as a matter of law Leger was a borrowed-servant of Amerada Hess, and therefore within the exclusive remedy

provision of § 23:1032 and § 23:1035, as interpreted in Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958).