**Robert CARROLL, Plaintiff-Appellant, Security Insurance Company, Intervenor-Plaintiff-Appellant,**

v.

**John C. KILROY and Exxon Corporation, Defendants-Appellees.**

**No. 73–1940**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1973.

Joseph W. Cole, Jr., William L. Kimball, Port Allen, La., for Carroll.

William H. Cooper, Baton Rouge, La., for Security Ins.

Ben W. Lightfoot, Calvin E. Hardin, Jr., Baton, Rouge, La., for Exxon.

George R. Covert, Baton Rouge, La., for Kilroy.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In this case the only question presented is whether Exxon Corporation is the

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

statutory employer of appellant Carroll. Carroll was injured while delivering a load of hot asphalt that had been sold by Exxon to one of its customers. He alleged that his injuries were caused by Exxon's negligence. Exxon countered with the argument that the work being performed by Carroll was an integral part of its regular trade, business, or occupation and that therefore Exxon was his statutory employer. The district court granted summary judgment in Exxon's favor.

We have carefully reviewed the briefs and record and are convinced that the district court correctly decided the issue involved. A copy of the district court's memorandum opinion is attached as Appendix A. See also Cole v. Chevron Chemical Co., 477 F.2d 361 (5th Cir. 1973). The judgment of the district court is affirmed.

Affirmed.

### APPENDIX A

This case is before the Court on the motion of the sole remaining defendant, Exxon Corporation (originally sued as Humble Oil & Refining Company) for summary judgment. This case grows out of an accident wherein the plaintiff, Robert Carroll, received personal injuries as a result of alleged negligence on the part of Exxon Corporation, or its predecessor, Humble Oil & Refining Company, and its employee, John C. Kilroy. The facts insofar as they pertain to this motion, are not disputed. Exxon Corporation refines and manufactures various products, and many of those products are delivered from its plant to its customers in their own trucks. They own some 22 tractors and 24 trailers and employ approximately 41 truck drivers who deliver various petroleum products from the defendant's plant to its customers. One of the products which they manufacture is hot asphalt. This particular product is usually not delivered by Exxon Corporation itself, but instead they engage others to deliver this particular material. In this case plaintiff's employer, Asphalt Transport, Inc., was employed by Exxon to deliver this product to its customers. It was in the course of the plaintiff's employment with Asphalt Transport, Inc., and while in the course of handling hot asphalt for Exxon Corporation, that plaintiff was injured. This motion for summary judgment is based on the defendant's contention that the work being performed by the plaintiff was part of the regular trade, business or occupation of Exxon, and that therefore plaintiff's exclusive remedy is under the workmen's compensation law of the State of Louisiana. After considering the uncontested facts in this case, this Court comes to the conclusion that the plaintiff was indeed engaged in the regular trade, business or occupation of Exxon Corporation (Humble Oil & Refining Company) at the time of his injury, and that therefore he is barred from asserting a tort action against Exxon, but must rely completely on the workmen's compensation laws of the State of Louisiana for his recovery. Many prior decisions of both the State and Federal Appellate Courts demand this conclusion, among which are Cole v. Chevron Chemical Company, Oronite Division, 427 F.2d 390 (CA 5—1970); Gant v. Jackson Brewing, Inc., La.App., 112 So.2d 767 (1959); Whittington v. Gulf Oil Corporation, 337 F.Supp. 952 (W.D.La.— 1971), aff'd 5 Cir., 453 F.2d 892; Foster v. Western Electric Company, La. App., 258 So.2d 153 (2nd Cir. 1972).

For these reasons:

It is ordered that the motion of Exxon Corporation for summary judgment be, and it is hereby granted, and this case is hereby dismissed.

/s/ E. Gordon West

United States District Judge