490 F.2d 91
 Mageline Dargin DUHON, Individually and as Natural Tutrix of
the Minor, Vanessa Marie Duhon, Plaintiff-Appellant,
v.
TEXACO, INC., et al., Defendants-Appellees, Aetna Casualty &
Surety Company, Intervenor.
 No. 73-1969.
 United States Court of Appeals, Fifth Circuit.
 Feb. 25, 1974.
 
 Warren D. Rush, Charles H. Finley, Lafayette, La., for plaintiff-appellant.
 James J. Davidson, III, Lafayette, La., for Texaco & Travelers.
 David S. Foster, Lafayette, La., for intervenor.
 James Diaz, Lafayette, La., for defendants-appellees.
 Before GEWIN, THORNBERRY and INGRAHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district court did not err in granting summary judgment for Texaco, Inc. and Travelers, its liability insurance carrier, on the basis that Harold Duhon was the statutory employee of Texaco for the purposes of exclusive liability under the Louisiana Workmen's Compensation statutes, La.Rev.Stat.Ann. P23:1032 and P23:1061.
 
 
 2
 There was no disputed issue of material fact as to the activity in which Duhon was engaged being so related to Texaco's business as to be considered an essential part thereof. Duhon's activity was that of removing salt water produced during oil and gas production at a Texaco well site for the purpose of hauling the salt water to a disposal point. Neither do we find a disputed issue of material fact as to Texaco being a principal and Duhon's employer being an independent contractor in connection with the activity as distinguished from a vendor-vendee relationship. See Leger v. Amerada Hess Corporation, 5 Cir. 1973, 479 F.2d 1250; Arnold v. Shell Oil Company, 5 Cir. 1969, 419 F.2d 43. Cf. Broussard v. Heebe's Bakery, Inc., 1972, 263 La. 561, 268 So.2d 656.
 
 
 3
 The cases of Langlois v. Allied Chemical Corp., 1971, 258 La. 1067, 249 So.2d 133, and Weber v. Fidelity & Casualty Insurance Co., 1971, 259 La. 599, 250 So.2d 754, do not establish the general proposition that a statutory employer is liable without fault in tort to his statutory employee for injuries inflicted by a dangerous substance kept by the employer or by a product manufactured by the employer. Neither of those cases involved the statutory employer-employee relationship, as is present in this case. Where that relationship exists, the remedy under the Workmen's Compensation statute is exclusive.
 
 
 4
 Reeves v. Louisiana and Arkansas Railway Co., La.1973, 282 So.2d 503, does not require a different result. In that case, Humble was found not to be the statutory employer of the injured workman, who was an employee of a subcontractor engaged in constructing a new petroleum coking unit on Humble's premises. The Court found that Humble was not in the construction business, and that no employees of Humble customarily engaged in the work. By contrast, the brine being removed by Duhon was produced as a natural and necessary by-product of Texaco's business. We find the facts of this case bring it directly under the rule of Leger v. Amerada Hess Corp., 5 Cir. 1973, 479 F.2d 1250, where Amerada Hess was found to be the statutory employer of a workman injured while engaged in the removal and destruction of flammable spillage from an oil separator at Amerada's work site.
 
 
 5
 Affirmed.
 
 
 6
 ---------------
 
 
 
 1 See Barnes v. United States, 412 U.S. 837, 848 n. 16, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).