494 F.2d 1183
 Charles W. HOWARD, Jr., Plaintiff-Appellant,
v.
VULCAN MATERIALS COMPANY, Defendant and Third Party
Plaintiff-Appellee, v. AAA CONTRACTING COMPANY, INC., Third
Party Plaintiff and Third Party Defendant-Appellant, v. The
TRAVELERS INSURANCE COMPANY, Third Party Defendant and
Intervenor-Appellant-Appellee.
No. 74-1469 Summary Calendar.*
*Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 June 3, 1974.
 
 William A. Norfolk, Baton Rouge, La., for Travelers.
 Thomas E. Cooper, Jr., Rayville, La., Jack C. Benjamin, New Orleans, La., for Howard.
 Sam J. D'Amico, Baton Rouge, La., for AAA Contracting.
 Emile C. Rolfs, III, Calvin E. Hardin, Jr., Baton Rouge, La., for Vulcan.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Howard brought this tort action against Vulcan Materials to recover for personal injuries suffered while engaged in waste disposal activities at Vulcan's plant. At the time he was employed by AAA Contracting Co., which contracted to perform various tasks for Vulcan. The issue is whether Howard was a statutory employee of Vulcan for the purposes of the exclusive liability provisions of Louisiana's Workmen's Compensation Act, La.Rev.Stat.Ann. Ann. 23:1021 et seq. Concluding that he was, under the undisputed facts, the district court granted Vulcan's motion for summary judgment. We affirm.
 
 
 2
 Section 23:1061 of the Louisiana compensation act provides that a contractor's employees are to be treated as employees of the principal employer where the contractor performs work which is a part of the 'trade, business, or occupation' of the principal. Louisiana and Fifth Circuit cases have clearly established that contracted work is a part of the principal's 'trade, business, or occupation' if it is so necessary to its operation that, save for the contractor, it 'would have to hire workers of its own to perform the task.' Cole v. Chevron Chemical Co., 5 Cir., 1973, 477 F.2d 361, 365. See also, Duhon v. Texaco, Inc., 5 Cir., 1974, 490 F.2d 91; Leger v. Amerada Hess Corp., 5 Cir., 1973, 479 F.2d 1250; Foster v. Western Electric Co., La.App., 1972, 258 So.2d 153; Goodwin v. United States Rubber Co., La.App., 1966, 186 So.2d 356.
 
 
 3
 Under these cases, Howard was a statutory employee of Vulcan, since the disposal of waste generated by the plant's normal operations was so necessary that in the absence of an available contractor Vulcan would have to, and in fact did, use its own employees to perform the task.
 
 
 4
 There remains the claim by AAA against its insurer for the costs of its defense in this proceeding. This claim fell victim to summary judgment, without opinion and before judgment on the principal complaint, and AAA appeals. We remand for further consideration by the district court in light of our disposition of the principal claim.
 
 
 5
 Affirmed in part and remanded in part.