**Charles W. HOWARD, Jr.**

v.

**VULCAN MATERIALS COMPANY.**

Civ. A. No. 71–122.

United States District Court,
M. D. Louisiana.

Jan. 23, 1975.

William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for The Travelers Ins. Co.

Sam J. D'Amico, John R. Olds, D'Amico & Curet, Baton Rouge, La., for AAA Contracting Co., Inc.

E. GORDON WEST, District Judge:

This suit is before the Court on remand from the United States Court of Appeals, Fifth Circuit, to consider the third-party claim of AAA Contracting Co., Inc. (AAA) against its insurer, The Travelers Insurance Company (Travelers) for the costs of defense in this matter. Howard v. Vulcan Materials Co., 494 F.2d 1183 (CA 5—1974). The sole question for determination is whether Travelers was obligated to defend AAA in this action. For the following reasons, it is the judgment of this Court that Travelers did owe and breach its duty to defend, and is liable for the costs of defense incurred by AAA, its insured, in defending the third-party complaint.

The basis of the third-party complaint is that AAA contractually bound itself to "hold harmless and indemnify" Vulcan Materials Company (Vulcan) for the type of damages sought by the plaintiff in the main demand, and that Travelers insured AAA for all such claims. In Mut v. Newark Insurance Co., 289 So.2d 237 (1st Cir. 1973), the Louisiana Court of Appeals, First Circuit, stated that:

"It is well settled that an insurer's duty to defend its insured is broader than coverage. It is also well established that the duty to defend depends upon the allegations of plaintiff's petition, and that the insurer must defend unless the allegations unambigu-

ously exclude coverage. The applicable test in such instances is if, assuming plaintiff's allegations to be true, there is both coverage under the policy and liability to plaintiff, the insurer is obliged to defend regardless of the outcome of the litigation. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253; Spiers v. Lane, La.App., 278 So. 2d 549." 289 So.2d at 249.

See also, Reichert v. Continental Ins. Co., 290 So.2d 730 (La.App. 1st Cir. 1974); Benoit v. Fuselier, 195 So.2d 679 (La.App. 3rd Cir. 1967). Both parties herein are of the opinion, and this Court concludes, that the "plaintiff's petition" to be scrutinized in determining the existence vel non of a duty to defend owed by Travelers to AAA is the third-party complaint filed by Vulcan.

For purpose of analysis, we quote from the third-party complaint:

"6.

"The said work being done by Triple-A under its contract with Vulcan, and in which said Howard was engaged at the time of the alleged accident sued upon, was the subject of an indemnity agreement executed by Triple-A through its President, duly authorized, in favor of Vulcan, on or about August 19, 1968, a true copy of which said indemnity agreement is hereto attached and hereof made a part the same as if rewritten, in extenso.

"7.

"The work being done by Triple-A and in which said plaintiff Howard was engaged at the time of the alleged accident used upon, was the kind of work described in said indemnity agreement.

"8.

"At all relevant times hereinabove and hereafter mentioned, and at the time of the alleged accident sued upon, The Travelers Insurance Company, a foreign insurance corporation organized under the laws of the State of Connecticut, and authorized to do and doing business in the State of Louisiana, insured Triple-A against all claims asserted against Triple-A in this third party complaint."

This *alleged* coverage was under Comprehensive General Liability Insurance policy number NSL–4176477 issued by Travelers to AAA, in force at the time of the accident sued upon by the plaintiff in the main demand. Clause I of the contractual liability insurance coverage part of policy number NSL–4176477 provides, in pertinent part, that:

"The company will pay on behalf of the insured all sums which the insured, *by reason of contractual liability assumed by him under a contract designated in the schedule for this insurance,* shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and the duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent . . . ." (Emphasis added.)

Travelers urges that because the indemnity contract in Vulcan's favor was not so designated in the schedule described above, they owed no duty to defend the third-party complaint. The opposite conclusion is compelled.

Even though the "hold harmless and indemnity agreement" between AAA and Vulcan was not listed in the designated contracts declaration schedule of the contractual liability insurance coverage part of the policy in question, Travelers nevertheless owed a duty to AAA to defend Vulcan's third-party complaint. This is so because the law requires the plaintiff's allegations to be taken as true in determining the duty to defend; and the third-party complaint as quoted, supra, asserted coverage that was not "unambiguously excluded" by any exclusionary provision of the policy. Mut v. Newark Insurance Co., supra, and cases cited therein. The omission of the indemnity contract in the "declarations schedule" would certainly bear

upon the narrower issue of coverage under the policy, but would not eliminate Traveler's broader duty to defend the third-party claim. Only if the allegations of the third-party complaint, taken as true, were excluded by some exclusionary provision in the policy would Travelers have owed no duty to defend in this instance. See, e. g., Spiers v. Lane, 278 So.2d 549 (La.App. 1st Cir. 1973), writs den., La., 281 So.2d 749; Mut v. Newark Insurance Co., supra, writs den., La., 290 So.2d 912; Bandy v. Avondale Shipyards, Inc., 458 F.2d 900 (CA 5—1972).

Thus having determined that Travelers did owe a duty to AAA to defend the third-party complaint of Vulcan, Travelers' failure to defend constituted a breach of that obligation and they are liable to AAA for the defense costs incurred by AAA as a result thereof. In the event that counsel for Travelers and AAA cannot agree within ten (10) days from date hereof on the amount of the defense costs due by Travelers, either side may then request that a hearing be held and the amount of the fee be decided by the Court. If the amount of the fee is amicably arrived at, the Court shall be so notified at once.