112 So.2d 741 (1959)
William Olen BALL
v.
KAISER ALUMINUM & CHEMICAL CORPORATION and Firemen's Fund Indemnity Company.
No. 21184.
Court of Appeal of Louisiana, Orleans.
May 11, 1959.
Rehearing Denied June 22, 1959.
*742 Cassibry, Jackson & Hess, Ralph N. Jackson, New Orleans, for plaintiff and appellant.
Porteous & Johnson, Parnell J. Hyland, New Orleans, for defendants and appellees.
REGAN, Judge.
Plaintiff, William Olen Ball, an electrician, instituted this suit against the defendants, Kaiser Aluminum & Chemical Corporation and its liability insurer, The Firemen's Fund Indemnity Company, endeavoring to recover the sum of $370,775.20, representing injuries, loss of wages, medical expenses, and pain and suffering incurred as the result of an accident which occurred when plaintiff, an employee of Foothill Electric Corporation,[1] was working on an electric transformer in defendant's plant in Chalmette, Louisiana.
The defendants pleaded exceptions of no cause and no right of action, which were maintained for the reason that plaintiff's rights are covered exclusively by the Louisiana Workmen's Compensation Act.[2]
From that judgment in favor of defendants, maintaining their exceptions of no right or cause of action and dismissing plaintiff's suit, he has prosecuted this appeal.
On the trial of the exceptions of no cause or right of action, defendants were permitted, over the objection of plaintiff, to introduce evidence into the record in the form of testimony by Claude Ford, Jr., a foreman in charge of rectifier operations for the defendant, tending to show that it employed electricians who on occasion performed the same kind of work that plaintiff was engaged in when the accident occurred. Plaintiff on appeal insists that the admission by the lower court of such evidence was erroneous.
We pretermit a determination of whether the trial court was in error in permitting the introduction of this evidence in connection with the exception of no cause or right of action pleaded by the defendant since no useful purpose would be served thereby in view of the result we have agreed should be reached herein.
The facts revealed by the petition and by the evidence adduced in connection with the exceptions of no cause or right of action disclose that the defendant's Kaiser Aluminum & Chemical Corporation's, principal business at its plant in Chalmette, Louisiana, is the production of aluminum; that in the course of producing aluminum, it manufactures and uses large amounts of electrical power but that it does not sell or furnish electricity to others; that the defendant has no subsidiary; and that Kaiser Engineers, the principal contractor employed to build the plant, is engaged in the construction of dams and plants and the performance of large construction contracts all over the world. The work in which the plaintiff was engaged at the time of the accident was *743 a part of the new plant construction being carried out by the Kaiser Engineers, which as we have said was an independent general contractor.
The electrical work in connection with the new construction of the plant had been subcontracted by Kaiser Engineers to plaintiff's employer, the Foothill Electrical Corporation. The particular work that plaintiff was engaged in when the accident occurred was changing the connections and lighting on certain transformers that Foothill Electrical Corporation was installing in the plant.
Defendant at the time that the accident occurred employed about 14 electricians, many, or all of whom, were capable of performing and sometimes did perform work of this type, that is, changing the connections and lighting installations on transformers that had already been installed and were in use in the plant. The defendant does not erect or construct aluminum plants itself.
The defendants contend that their exceptions of no cause or right of action were properly maintained by the lower court since the electrical work which was being done by the plaintiff, an electrician, when injured was part of the business, trade, or occupation of the defendant, Kaiser Aluminum, which cannot operate without electricity and which manufactures it for its own use. Therefore the exclusive remedy of the plaintiff against the defendant is in conformity with the applicable spection of the Louisiana Workmen's Compensation Act.[3]
Plaintiff, on the other hand, insists that if the work plaintiff was performing was for the defendant then compensation coverage could be urged, but the work plaintiff was performing was not maintenance work, but involved installing new electrical equipment for his employer, the Foothill Electrical Corporation, and therefore plaintiff is permitted by virtue of the statute and the jurisprudence interpretative thereof to maintain an action in tort against the defendant.
The only question posed for our consideration by this appeal from the judgment maintaining the exceptions of no cause or right of action is whether plaintiff, as an employee of the subcontractor, Foothill Electrical Corporation, has an action in tort against the defendant and its insurer.
In the case of Horrell v. Gulf & Valley Cotton Oil Co.,[4] we, inter alia, answered the question which is now posed for our consideration when we reasoned thus:
"In considering the question raised by this contention, we at once notice that it is not all work which the principal may require that the act prevents his contracting away without retention of compensation liability, but only such as is a part of his trade, business, or occupation, or which he may have contracted to perform for some one else.

*744 "It is, we believe, quite plain that a manufacturing concern upon organization, may contract with an independent contractor for the erection of its factory building without retaining liability under the Compensation Act to employees of the independent contractor who undertakes the construction. It is no part of the trade, business, or occupation of the manufacturing concern to erect its factory building. Its business is to operate it after its erection.
"On the other hand, it is clear that, after the factory is completed and is in operation, the principal may not employ an independent contractor to undertake any part of the business of operating the factory and thus escape liability in compensation to the employees actually engaged in carrying out the work undertaken by the independent contractor. For instance, if defendant here had employed Horrell to furnish the necessary labor to operate the boilers, it is quite evident that Horrell's employees would, under the provisions of section 6 of the act, be entitled to look to defendant for compensation in the event of injury. We thus see that, if the original construction work is not a part of the business of the principal, that work may be contracted away, whereas the operation of the factory after construction is completed, being a part of the business of the principal, may not be so contracted away without the retention of the compensation liability.
* * * * * *
"Under the general provisions of the statute, as distinguished from the special provisions of section 6, an employee may recover if injured by an accident arising out of and in the course of his employment, and this language has been interpreted very liberally, and it has been many times said that work need only be incidental to the general business of the master in order to bring the employee performing it within the coverage of the act.
"Section 6 is not so broad, and it is easily conceivable that, between the broad limits of the general provisions of the statute and the more restricted limits of section 6, there is a zone in which must be placed an employee who is engaged at work incidental to his employer's business, and who thus comes within the general provisions, but who, if performing the same work for an independant intermediate contractor, might be said to be not engaged in the carrying out of a part of the trade, business, or occupation of the principal."[5]
Counsel for the defendant has insisted both in brief and in oral argument before this court that the jurisprudence since the Horrell case has modified, at least to some extent, the rationale thereof. We believe that a careful analysis of the jurisprudence hereinafter referred to will reveal that this has not occurred.
In several cases the nature or type of work in which the principal is engaged is such that it is difficult for any contractor to assist therein without being engaged in the same work of the principal. The classic example thereof is when an oil company is endeavoring to contract for the drilling of its wells. The drilling of the well is such an integral part of the principal's business that it would subvert the whole intent of the compensation act to say liability could be escaped by contracting the work to others.[6] The same reasoning is generally applicable *745 to saw mill and logging operations.[7] The furnishing by a municipality of public utilities has been held to fall in the same category, that is, part of the municipality's business.[8] In this case the plaintiff was engaged in his special phase of assisting in the erection of an aluminum plant, a function totally unrelated to defendant's business, which as we have said is manufacturing aluminum. The construction of new plants is not defendant's business.[9]
The manufacture of aluminum is not Foothill Electric Corporation's business. Obviously, in the course of their respective businesses these companies certainly have many employees performing the same or similar functions. But the mere existence of this fact does not serve to make their work part of the other's trade, business, or occupation.
The jurisprudence as it has developed since the Horrell case reveals that there possibly exists what counsel has referred to as a "twilight zone" (which was also recognized by Judge Janvier, who authored the opinion in the Horrell case) where it is sometimes difficult to distinguish between an independent contractor and an employer on the basis of application of the trade, business, or occupation rule.
In these cases the court must decide whether the work performed is that which is customarily performed by the employer or whether it is specialized work usually given to independent contractors as a practice or custom in the trade or business.[10] In any event this case does not fall within this extended interpretation of the compensation act. To consider this case to be encompassed by the foregoing principle we would be compelled to reason that the erection of new plants and installing new electrical machinery therein is part of the manufacture of aluminum and to so reason would be to abandon the rationale of the Horrell case and thus judicially amend the statute.
We are of the opinion that the rationale of the jurisprudence is clear to the effect that unless the erection of buildings is the trade, business, or occupation of the principal or an integral part thereof, new construction such as occurred herein may be contracted to others without incurring liability for compensation.
We therefore conclude that plaintiff had the legal right to institute a suit against the defendant herein.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and the exceptions of no cause or right of action are overruled, and the cause is remanded to the Twenty-fifth Judicial District Court for the Parish of St. Bernard for further proceedings consistent with the views herein expressed and according to law.
Reversed and remanded.
NOTES
[1] Foothill Electric Corporation was the subcontractor of Kaiser Engineers, the contractor employed by the defendant, the Kaiser Aluminum & Chemical Corporation, to erect the plant.
[2] LSA-R.S. 23:1021 et seq.
[3] "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall he calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefore." LSA-R.S. 23:1061.
[4] 1930, 15 La.App. 603, 131 So. 709, 712.
[5] See Thibodaux v. Sun Oil Co., 1950, 218 La. 453, 49 So.2d 852, wherein the Supreme Court quoted the principle enunciated in the Horrell case with approval.
[6] See Thibodaux v. Sun Oil Co., 1950, 218 La. 453, 49 So.2d 852; Seabury v. Arkansas Natural Gas Company, 1930, 171 La. 199, 130 So. 1; Dandridge v. Fidelity & Casualty Co., La.App.1939, 192 So. 887.
[7] Calcote v. Century Indemnity Company, La.App.1957, 93 So.2d 271; Belaire v. Elder, La.App.1950, 49 So.2d 508; Owens v. Louisiana Long Leaf Lumber Co., La.App.1943, 14 So.2d 275.
[8] Richard v. National Surety Corp., La. App.1958, 99 So.2d 831, 832; Washington v. Sewerage & Water Board of New Orleans, La.App.1938, 180 So. 199.
[9] The rationale of Clementine v. Ritchie, 1924, 1 La.App. 296, wherein the owner's business was found by the court to be building and selling of houses, or Hecker v. Betz. La.App.1937, 172 So. 816, is therefore not applicable to the instant case. The Betz case is not in any way applicable hereto because therein the court found that the plaintiff, a plumber, was not an independent contractor or the employee of an independent contractor, but an employee of the principal.
[10] Dandridge v. Fidelity & Casualty Company of New York, La.App.1939, 192 So 887; James v. Dear & Johnson, Inc., La. App.1937, 172 So. 25.