MILLER, Judge.
James Joseph Frey, an employee of H. Brown Machine Shop, filed suit in tort for damages he sustained when a coiled spring struck him in the head. He was making repairs on a pipe laydown machine owned by Comet Drilling Company and manufactured by the H. Brown Machine Shop. Made defendants were Frederick Brown, plaintiff’s foreman at the H. Brown Machine Shop in Eunice, and Comet. Defendant Comet filed a motion for summary judgment based on its contentions that plaintiff’s remedy against it, if any, is under the Workmen’s Compensation Act of Louisiana. Judgment was rendered granting Comet’s motion for summary judgment. Plaintiff has appealed. We affirm.
Plaintiff’s petition alleges that the pipe laydown machine was manufactured by *492 plaintiff’s employer, H. Brown Machine Shop of Eunice, and sold to Comet. Plaintiff was ordered to the Comet Drilling site by his employer to repair a faulty spring in the machine. While attempting to cut a plate from the back of the machine, the spring struck him causing the injuries for which he seeks damages from Comet in tort. Plaintiff admitted by affidavit that he has been paid compensation benefits by H. Brown Machine Shop.
Comet contends that plaintiff’s exclusive remedy is under the Louisiana Workmen’s Compensation Act; that plaintiff was an employee of the H. Brown Machine Shop, who was the contractor employed by Comet to perform work which was a part of the trade, business, or occupation of Comet and therefore this case is within the provisions of LSA-R.S. 23:1061.
Plaintiff argues that his remedy against Comet is in tort. He relies upon Ball v. Kaiser Aluminum & Chemical Corporation, 112 So.2d 741 (La.App.Orleans, 1959) and Moak v. Link-Belt Company, 229 So.2d 395 (La.App. 4 Cir. 1969) wherein those courts held that an employee of a contractor engaged in construction or reconstruction of the principal’s facility has a remedy in tort against the principal for injuries sustained during the course of his employment on the construction or reconstruction.
LSA-R.S. 23:1061 provides in part:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation for which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; * * * ”.
The jurisprudence is replete with decisions holding that under the provisions of LSA-R.S. 23 :1061 the principal is liable for compensation benefits to injured employees of its subcontractors if it is shown that the work performed by the employee was a part of the principal’s trade, business or occupation. A pertinent factor to be considered is whether the work performed is usually or customarily performed by those engaged in similar businesses as the principal. Meche v. Farmers Drier and Storage Company, 193 So.2d 807 (La.App. 3 Cir. 1967); Goodwin v. United States Rubber Company, 186 So.2d 356 (La.App. 1 Cir. 1966); Best v. J. & B. Drilling Company, Inc., 152 So.2d 119 (La.App. 3 Cir. 1963); Stansbury v. Magnolia Petroleum Company, 91 So.2d 917 (La.App. 1 Cir. 1957) ; and Thibodaux v. Sun Oil Company, 40 So.2d 761 (La.App. 1 Cir. 1949).
The articles of incorporation of Comet state that the company is engaged in the ownership and operation of drilling rigs for the production of oil, gas and other minerals and work relating thereto. By affidavits filed on behalf of plaintiff, a “pipe laydown” machine is described as a machine designed for use in the oil fields as a substitute for manual labor in the handling of heavy drilling pipe. The machine is used when the drilling pipe is being pulled out of the well hole. As the drilling pipe is removed from the hole it travels downward from the drillling floor through a trough and is carried by its own momentum until it rests in the pipe laydown machine. The pipe laydown machine is composed of a nine or ten inch pipe approximately thirty-six feet long which has a lengthwise cutout so as to form a trough. On either end of the machine there is located a coil spring resting in the tubular ends of the pipe. As the piece of drilling pipe slides down the trough from the drilling rig it comes to rest in the pipe laydown machine so that the leading end of the drilling pipe strikes a rubber bumper and coil spring located on the far end of the machine. There is a similar coil spring *493 and rubber bumper on the opposite end of the machine so that the pipe will stop gently without damage to the pipe or machine. After coming to rest in the pipe laydown machine, a mechanical device on the machine can be engaged to rotate the trough and drop the piece of drill pipe onto two runners extending from the catwalk to the pipe rack. The piece of pipe then rolls to its position on the pipe rack.
There is no doubt that use of the pipe laydown machine is an integral part of Comet’s business of operating oil field drilling rigs. Apparently swift removal of drilling pipe from the rig floor is a necessary and important requisite to insure a smooth and efficient drilling process. Moreover, the maintenance and repair of equipment on a drilling rig is a substantial part of the trade, business and occupation of an oil field drilling contractor. Plaintiff admitted in affidavit that he was sent to the job site to repair the laydown machine. We therefore conclude that plaintiff was engaged in work which was a part of the business, trade and occupation of Comet Drilling Company.
Both Ball v. Kaiser Aluminum & Chemical Corporation, supra, and Moak v. Link-Belt, supra, relied upon by plaintiff involved new construction or reconstruction of the principal’s facility and because this involved new construction or reconstruction the court held that the employees of subcontractors so engaged could sue the principal in tort. In neither case was it shown that the principal was normally engaged in the business of construction or reconstruction of its facilities and therefore its liability to injured employees of subcontractors was not limited to workmen’s compensation under LSA-R.S. 23 :- 1061. This is not the case here. Plaintiff admittedly was in the process of repairing the laydown machine, which operation we have determined is an integral part of Comet’s occupation of operating drilling rigs. Applicable here is the case of Best v. J. & B. Drilling Company, supra, where repair of an air compressor was held to be part of the trade, occupation and business of a drilling company. Plaintiff’s sole remedy against Comet is under the Louisiana Workmen’s Compensation Act.
The judgment of the trial court is affirmed at plaintiff-appellant’s costs.
Affirmed.