289 So.2d 524 (1973)
Len R. BROWN, Sr.
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION.
No. 9591.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 15, 1974.
Writ Refused April 11, 1974.
*525 Mary Olive Pierson, Baton Rouge, for appellant.
F. W. Middleton, Jr., Baton Rouge, for Kaiser Aluminum.
Richard B. Nevils, Baton Rouge, for Argonaut Southwest, Inc.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
BLANCHE, Judge.
The sole issue presented by this appeal is whether plaintiff-appellant, Len R. Brown, Sr., can properly maintain a tort action against defendant-appellee, Kaiser Aluminum and Chemical Corporation, or whether, on the contrary, plaintiff's exclusive remedy against such defendant is in workmen's compensation. The trial judge resolved this issue adversely to plaintiff. We affirm.
We quote with approval the following excerpts from the trial judge's Written Reasons for Judgment:
"Both plaintiffs, Len R. Brown, Sr., and Robert W. Underwood,[1] filed separate tort actions against Kaiser Aluminum claiming injuries received while doing work on Kaiser's premises. They were employed by Delta Field Erection, Inc., Brown as a welder and Underwood as a carpenter. Kaiser contracted with Delta Field in September of 1967 to construct an additional pressure relief system. Prior to the contract, Kaiser, incidental to a portion of its manufacturing process, utilized three large tanks which were connected by pipes some distance above the ground. The contract called for the installation of additional pipe, so that after the contract was performed each of the tanks was connected by two pipes rather than one. On September 7, 1967, Brown was welding pipe to the side of one of the tanks and Underwood was building a scaffold nearby. The tank overflowed and caused each of the men to be burned by caustic soda.
"These suits were consolidated for trial. The compensation insurer of Delta Field has intervened in each suit to recover payments made to the plaintiffs and the defendant Kaiser, and filed a third party petition to recover expenses and cost of the litigation and the amount of any judgment against it from Delta Field under the terms of an indemnity agreement in the contract.
"The parties have stipulated that the injuries were caused by the negligence of Kaiser and that neither of the plaintiffs was contributorily negligent.
"The sole issue presented is whether the work being performed was part of Kaiser's trade, business or occupation. If it was not, plaintiffs are entitled to recover in tort; if it was, their exclusive remedy is compensation because Kaiser becomes a statutory employer by virtue of R.S. 23:1061 and is immune from tort liability by virtue of R.S. 23:1032.
"Kaiser's regular maintenance force at the time of the accident consisted of approximately two hundred of its own employees which included both welders and carpenters. The work being performed by the plaintiffs did not require any special skill not possessed by the welders and carpenters employed by Kaiser. Kaiser's employees perform the same type of work as was being done by the plaintiffs. Kaiser contracted this work because its regular employees were performing all the work they could handle at the time. Plaintiff Brown was also employed full time by Ethyl Corporation as a welder at the time of the accident. As a welder at Ethyl he had done the identical type work, i. e., tack welding *526 pipe to tanks. Kaiser continuously repaired and upgraded the facility by replacement and additions by its own employees.
"Plaintiffs contend that because the additional pipe increased the capacity of the system (admitted by defendant) that the work should be classified as new construction and not part of Kaiser's regular business. They rely partly on the decision in Ball v. Kaiser Aluminum and Chemical Corporation [La.App.], 112 So.2d 741. In that case an employee of an electrical subcontractor was allowed to recover in tort against Kaiser. The work being done involved the initial construction of the Chalmette plant of Kaiser, however. Thus the Court must distinguish the case on its facts.
"This Court has applied the holding and rules announced in the cases of Stansburg v. Magnolia Petroleum Company [La.App.], 91 So.2d 917; Thibodaux v. Sun Oil Company [218 La. 453], 49 So.2d 852; Allen v. United States Fire Insurance Company [La.App.], 222 So.2d 887; Arnold v. Stupp Corporation [La.App.], 249 So.2d 276 and the cases cited therein, to the facts of this case and is compelled to hold that plaintiffs cannot recover in tort." (Written Reasons for Judgment, Record, pp. 75-77)
In seeking to have this Court reverse the findings of the trial judge and conclude that the work being performed by plaintiff, as an employee of Kaiser's independent contractor, Delta Field Erection, Inc., should be classified as new construction, reconstruction, or specialized work, as distinguished from work falling within the ambit of the trade, business or occupation of Kaiser, plaintiff-appellant relies on the cases of Horrell v. Gulf & Valley Cotton Oil Company, 131 So. 709 (La.App. Orl. Cir. 1930); Ball v. Kaiser Aluminum and Chemical Corporation, 112 So.2d 741 (La. App. Orl. Cir. 1959); and Finn v. Employers' Liability Assurance Corporation, 141 So.2d 852 (La.App. 2nd Cir. 1962). These cases are all factually distinguishable. Horrell involved a particular kind of brickwork which the Court classified as work being done by specialists, and further held that the regular employees of the defendant company sought to be held liable in tort did not engage in that kind of special work. Ball recognized the pivotal question to be "whether the work performed is that which is customarily performed by the employer or whether it is specialized work usually given to independent contractors as a practice or custom in the trade or business," 112 So.2d at 745. The trial court properly concluded that Ball was factually distinguishable from the instant case, inasmuch as Ball involved new plant construction and special work not regularly performed or undertaken as part of the trade or business of Kaiser Aluminum and Chemical Corporation. Finn is likewise factually distinguishable from the instant case, inasmuch as it involved the dismantling and erecting of short wave radio towers which the Court classified as the work of specialists and not the work of the defendant sought to be held liable in tort, whose business on the contrary was that of ranching and farming.
The Louisiana Supreme Court in the recent case of Reeves v. Louisiana and Arkansas Railway Company, 282 So.2d 503 (1973), recognized that the burden is upon the defendant claiming status as statutory employer to prove such special defense. The Supreme Court further recognized the continued viability of the jurisprudential touchstones for differentiating between work which properly can be classified as dehors the trade, business or occupation of a defendant from that which falls within the ambit thereof, including whether or not the defendant ever engaged in such activity, whether or not the defendant had the design capability or manpower availability to undertake such work, and whether or not the work was customarily done by other employers similarly situated.
*527 In the instant case the trial judge correctly found that Kaiser, through its labor force, had the requisite skill and manpower to perform the type of work which plaintiff was doing at the time of the accident, and also correctly found that Kaiser had in the past performed this type of work itself rather than contracting with others for its performance.[2] The work being done by plaintiff cannot be properly classified either as new construction, reconstruction, or even as "unusual repairs as are ordinarily made by specialists not customarily within the direct employ of the principal."[3] The trial judge correctly concluded that the work being undertaken by plaintiff was properly classified as part of the trade, business or occupation of Kaiser Aluminum and Chemical Corporation, so as to render that defendant a statutory employer of plaintiff under LSA-R.S. 23:1061, with the concomitant result that plaintiff's exclusive remedy against such defendant is in workmen's compensation, LSA-R.S. 23:1031.
We likewise find no merit to plaintiff's alternative contention that Kaiser should be deprived of its immunity from tort liability by virtue of its established status as a statutory employer because of its having required its independent contractor to pay for workmen's compensation insurance. Kaiser would be entitled to indemnity from its independent contractor for any compensation which it might be required to pay as statutory employer under LSA-R.S. 23:1061, and the fact that it required its independent contractor to insure such indemnification in no way supports a judicial deprivation of its immunity from tort liability as a statutory employer.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiff.
Affirmed.
NOTES
[1] The devolutive appeal taken by the plaintiff was not perfected.
[2] Kaiser's witnesses, John W. Melancon, plant manager; Oren Carl Furnish, Jr., project supervisor in the Engineering Department at the time of the accident; and Gerald F. Kelley, project engineer at the time of the accident, all testified that Kaiser's own personnel previously did the same type of work which plaintiff was doing at the time of the accident. (Transcript, pp. 142, 166, 181)
[3] Horrell v. Gulf & Valley Cotton Oil Company, 131 So. at 714.