345 So.2d 1286 (1977)
Price Felton JONES, Plaintiff-Appellant,
v.
FRANCIS ROMERO, INC., et al., Defendants-Appellees.
No. 5995.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Joseph A. Koury, Lafayette, for plaintiff-appellant.
Landry, Watkins, Cousin & Bonin by William O. Bonin, New Iberia, for intervenor-appellant.
Caffery, Duhe & Davis and Gibbens by Patrick T. Caffery, New Iberia, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
*1287 ROGERS, Judge.
This tort action was instituted by Price Felton Jones against defendants, Francis Romero, Inc. and American Insurance Company, seeking damages for the sum of six hundred and forty-four thousand one hundred and no/100 ($644,100.00) dollars for personal injuries.
Hartford Accident and Indemnity Company, the workmen's compensation insurer for plaintiff's employer, intervened in the suit, seeking reimbursement of the sums paid to plaintiff in the form of workmen's compensation benefits and medical expenses. The jury returned a verdict for defendants, finding that plaintiff was the statutory employee of defendant Francis Romero, Incorporated, and pursuant thereto, the trial judge signed a judgment in favor of defendants and against the plaintiff, and the intervenor, dismissing both actions with prejudice, whereupon plaintiff and intervenor individually filed appeals to this court.
The major issues presented by the plaintiff-appellant are as follows: (1) The trial court erred in its instructions to the jury on the definition of a statutory employee; (2) the jury's finding that plaintiff was the statutory employee of Francis Romero, Incorporated was manifestly erroneous and was clearly contrary to the law and the evidence; and (3) in the alternative, if plaintiff was correctly found to be the statutory employee of Francis Romero, Incorporated, then the trial court erred in holding that such designation confers tort immunity on one found to be the statutory employer.
The major issue presented by intervenor-appellant, in addition to its adoption of those errors urged by plaintiff, is that in the further alternative, plaintiff should have been held to have been a borrowed employee of Francis Romero, Incorporated, thereby making the latter responsible for one-half of all workmen's compensation benefits paid or to be paid plaintiff.
On September 5, 1975, plaintiff filed a petition for damages against defendants alleging that he was injured due to the negligence of an employee of Francis Romero, Incorporated (Romero), in an accident that occurred on or about February 27, 1975, at Romero's shell business located at the Red Hawk Shipyards in Iberia Parish, Louisiana.
Plaintiff Jones, at the time of the accident, was employed as a welder's helper by the company of Shockley and Whittington Welding Works (Shockley) which leased property for its ship repair operations at the Red Hawk Shipyard adjacent to the property leased by Romero. Prior to the accident, an agreement was entered into between Doyle Shockley of Shockley and Whittington and Mr. Francis Romero whereby Shockley was permitted to keep some of its equipment on Romero's property in exchange for Shockley allowing his employees to perform some welding work on Romero's equipment when it was needed.
On the day of the accident, plaintiff, a welder's helper, and the welder he worked under, Tommy Oubre, were requested by Romero to weld a broken hydraulic arm on one of his front loaders. Upon completion of the welding, plaintiff climbed onto the front tire of the loader in an attempt to reinsert a pin that had been removed to facilitate the welding operation.
The testimony is contradictory at that point as to whether the machinery attached to the loader was operating or moved while Jones was atop the tire, but for whatever cause, Jones did fall off the tire and onto the ground below, fracturing his right upper femur, and requiring major surgical and other medical treatment.
Plaintiff's suit for personal injuries was based on this accident, plaintiff alleging that defendant Romero's employee's negligence caused the injury. Defendants filed an answer, generally denying the allegations of plaintiff's petition, and in the alternative, alleging contributory negligence, in the further alternative, alleging that plaintiff at the time of the accident was the statutory employee of defendant Romero, and therefore, plaintiff was limited to a claim for workmen's compensation, and in the further alternative, alleging that plaintiff *1288 at the time of the accident was the borrowed employee of defendant Romero, which status would also limit plaintiff's claim to one of workmen's compensation.
Hartford Accident and Indemnity Company, who as the insurer for Shockley had been paying plaintiff's workmen's compensation benefits and medical expenses, intervened in the suit seeking reimbursement from defendants for these sums expended.
Plaintiff requested a trial by jury, and after both parties had presented their case, the judge charged the jury as to the law and presented the jury six interrogatories for deliberation and answer. The jury returned a verdict finding that plaintiff was the statutory employee of defendant Romero, and accordingly, judgment was signed in favor of defendants and against plaintiff and intervenor. It is from this adverse judgment that plaintiff and intervenor have filed appeals to this court.
The first two issues raised by plaintiff are that the trial judge improperly defined the term "statutory employee" in his charge to the jury, and that the jury committed manifest error in finding that Jones was the statutory employee of defendant.
The "statutory employee" concept is derived from LSA-R.S. 23:1061 Principal contractors; liability, which provides an employee of a contractor the protection of being able to seek workmen's compensation benefits directly from the person (referred to as the principal) with whom the contractor has agreed to execute work.
The purpose for such a section in the Workmen's Compensation Act was well stated by Professor Wex S. Malone at 10 La.L.Rev. 25 (Nov. 1949):
"In the absence of some special provision in the Workmen's Compensation Act it would be possible for an employer to avoid his compensation responsibility merely by interposing an independent contractor or sub-contractor between himself and his employees. This, of course, would not deprive the employee of protection so long as the intermediary contractor is solvent or protected by insurance. However, the possibility of using an impecunious middle man as a means of dodging compensation remains, and it was necessary to prevent this by subjecting certain principals to the compensation claims of their contractors' employees. A provision of this type is found in most compensation acts, and the principal who is affected thereby is commonly known as a statutory employer."
A relevant limitation found in the above cited statute is that the work to be executed by the contractor must be ". . . a part of his [the principal's] trade, business or occupation . . . ."
The major basis of plaintiff's arguments on appeal emanates from this limitation, plaintiff contending that section 1061 has no application because Romero (the principal) was in the retail business of selling shell, gravel and concrete pipe, and was not in the welding business; therefore, Romero had not contracted with Shockley to execute work that was a part of Romero's ". . . trade, business or occupation. . . ."
The trial judge, in his charge to the jury, defined a "statutory employee" in the following manner as found at pages 708 and 709 of the record:
". . . The law also is that an employee may be what is called a statutory employee of an employer."
* * * * * *
"This means that if an employee is working for one company, and on their payroll, but is doing work for another company, he may under certain conditions become what is called the statutory employee of the second company so that he can't sue the second company in tort either, and his sole remedy is for workmen's compensation benefits. A party claiming the defense of statutory employer has the burden of establishing by a preponderance of the evidence, that the work in which the plaintiff was injured was part of the regular trade, business or occupation of the party claiming to be the statutory employer, or so closely related thereto as to be an integral and substantial part of the *1289 business, trade or occupation of the statutory employer, and must also show that the work was essential to the business of the party claiming to be the statutory employer."
Plaintiff complains in his appellate brief that this charge was ". . . overly broad and an erroneous paraphrase of Sec. 1061 . . .," that the ". . . language is extremely legalistic and difficult for the lay person to understand. . .," and that the charge ". . . was in error because it was not only inadequate but also confusing. . . ."
After reviewing the jurisprudence interpreting LSA-R.S. 23:1061 and the statute itself, this court finds little merit to plaintiff's complaints. The charge uses the exact terminology employed in the statute when it twice refers to the principal's ". . . trade, business or occupation. . . ." The charge appears to be even more restrictive than the statute because of the limitation that the type of work be part of the ". . . regular trade, business or occupation . . ." of the principal, or ". . . so closely related thereto as to be an integral and substantial part . . ." and further, ". . . that the work was essential to the business of the principal. . . ." (italics added)
It is undisputed that Romero was not in the welding business; his business at the shipyard involved loading and unloading heavy bulk products which necessitated the constant, daily use of heavy equipment. The record indicates, and common sense dictates, that to keep such heavy equipment operational necessitates welding services. Mr. Romero testified that all of his men, himself included, performed occasional welding on his equipment. The cases are legion holding that repair or maintenance work is part of a principal's "trade, business or occupation".
As noted by this court in Meche v. Farmers Drier and Storage Company, 193 So.2d 807, at p. 809 (La.App. 3 Cir. 1967):
". . . [t]o determine if the work in which the employee is injured is part of the principal's business one relevant factor is whether such work is customarily considered a part of the regular business of employers performing through their own employees the work of the occupation in which the principal is engaged."
In that case, the court held that rodent extermination was ". . . a regular and integral part of the business of operating rice warehouses . . ." (italics added), and therefore, LSA-R.S. 23:1061 was applicable, which limited the action against the defendant to workmen's compensation, and prohibited plaintiff's tort action. In so holding, this court used language very similar to that employed by the trial judge in the instant suit in his charge to the jury.
[For other cases holding that repair or maintenance work was part of the principal's "trade, business or occupation" see: Frey v. Brown, 254 So.2d 491 (La.App. 3rd Cir. 1971). Drilling company found to be statutory employer of plaintiff injured while making repairs on a pipe laydown machine; Allen v. United States Fire Insurance Company, 222 So.2d 887 (La.App. 2nd Cir. 1969). Oil company found to be statutory employer of plaintiff injured while welding piping; Arnold v. Stupp Corporation, 249 So.2d 276 (La.App. 1st Cir. 1971). Building owner found to be statutory employer of plaintiff injured while making repairs on the building.]
The Meche decision has further application to the instant case in that the court held that whether the work in which the employee was injured was part of the principal's business so as to render the principal liable for workmen's compensation benefits under LSA-R.S. 23:1061 was a question of fact. In the case before us, this question was presented to the jury for determination, with the jury finding that plaintiff was a statutory employee of defendant. After careful review of the record, we find that there was a sufficient evidentiary basis for the jury's verdict on this issue, and therefore, this finding must be upheld. Canter v. Koehring Company, 283 So.2d 716 (La.S.Ct.1973).
Plaintiff-appellant's next alleged error urged is that, in the alternative, should *1290 plaintiff be found to be the statutory employee of defendant under LSA-R.S. 23:1061 as we now so hold, this classification should not confer tort immunity on the statutory employer. On appeal, plaintiff presents two major arguments in favor of his contention.
The first is that LSA-R.S. 23:1061 ". . contains absolutely no reference to tort immunity on the part of the principal. . . ." On its face, this statement is correct. However, LSA-R.S. 23:1061 does state, in pertinent part, the following:
". . . [w]here . . . proceedings are taken against, the principal, then in the application of this Chapter reference to the principal shall be substituted for reference to the employer . . . ."
Section 1032 of Title 23, Chapter 10 (The Workmen's Compensation Act, as amended), makes the rights and remedies granted the employee by the Workmen's Compensation Act the exclusive rights and remedies he has against his employer; therefore, since in the instant suit a proceeding has been instituted against a party found to be a "principal" under section 1061, and since the above cited provision of section 1061 mandates substitution of "principal" for "employer", section 1032 would apply to limit plaintiff to an action in workmen's compensation against the defendant Romero.
The second argument advanced by plaintiff on appeal is that this court should not follow the Louisiana Supreme Court holding in Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972), wherein the majority held that under section 1061, a defendant found to be a "statutory employer" was granted tort immunity from a party found to be a "statutory employee". Plaintiff appears to be urging that we follow the concurring opinions of Justices Barham and Tate, who both labeled this holding by the majority as dictum.
However, this entire argument by plaintiff-appellant as to whether or not the above discussed holding in the Broussard v. Heebe's Bakery, Inc. case was dictum is without merit since the clearly established and following jurisprudential rule in Louisiana is that tort immunity is granted to a party found to be a "statutory employer". Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950); Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951); Coal Operators Casualty Co. v. Fidelity and Casualty Co., 223 La. 794, 66 So.2d 852 (1953).
Furthermore, while Broussard v. Heebe's Bakery is the most recent Louisiana Supreme Court pronouncement on this issue, the subsequent Louisiana Courts of Appeal decisions have followed the established line of jurisprudence, Brown v. Kaiser Aluminum and Chemical Corporation, 289 So.2d 524 (La.App. 1st Cir. 1973), Writ application not considered, 293 So.2d 171 (La.S.Ct.1974); Kirkland v. Western Electric Company, Inc., 296 So.2d 350 (La.App. 4th Cir. 1974), Writ application not considered, 302 So.2d 19 (La.S.Ct.1974), and, at least in one instance, the Supreme Court has had the opportunity to reconsider its position, but has declined to do so. Wayne v. Olinkraft, Inc., 293 So.2d 896 (La.App. 2nd Cir. 1974), Writ denied, 294 So.2d 827 (La.S.Ct.1974).
The final issue to be considered, presented by the intervenor in the alternative, is whether the jury erred in finding that plaintiff was the "statutory employee" of defendant as opposed to being the "borrowed employee" of defendant. The jury, after having been duly charged as to the law by the trial judge, was presented with a list of six interrogatories, the first two of which, and pertinent instructions, are reproduced as follows:
VERDICT
INTERROGATORY NO. 1
Do you find that Price Felton Jones was the statutory employee of Francis Romero, Incorporated, at the time of the accident?
 Answer "Yes" or "No"
 Answer: (Answered "Yes"
 by the jury.)
 INTERROGATORY NO. 2
Was Price Felton Jones the borrowed employee of Francis Romero, Incorporated, at the time of the accident?
*1291
 Answer "Yes" or "No"
 Answer: (Answered "No"
 by the jury.)
If you answered either Interrogatory No. 1 or 2 "Yes", you need go no further with your deliberations. Your foreman should sign your verdict at the space provided on the last page and you will return this finding in Open Court.
If you have answered Interrogatories 1 and 2 "No", then answer the following issues or such of them as may be necessary. . . .
As is indicated by the above quoted excerpt from the verdict, the jury was given the opportunity to decide whether plaintiff was a statutory employee, a borrowed employee, or neither of the two.
Intervenor does not argue that the definition of a borrowed employee as given by the trial judge in his charge was incorrect, and rightfully so, for after reviewing the definition we have found no error. Nor are we able to find that the jury committed manifest error in its determination that plaintiff was not the borrowed employee of defendant Romero.
While it is true that the distinction between a borrowed employee and a statutory employee is often difficult to determine, the distinction was made by the finder of fact, upon an adequate evidentiary basis, and this court will not disturb that finding.
For the reasons assigned, the judgment of the lower court is affirmed, with costs of this appeal to be shared equally by plaintiff-appellant, and intervenor-appellant.
AFFIRMED.